### GULF, C. & S. F. R. Co. *v.* ELLIDGE.

*(Circuit Court of Appeals, Eighth Circuit. February 1, 1892.)*

1. RAILROAD COMPANIES—KILLING STOCK.
    In an action for killing stock in the Indian Territory it was error to refuse an instruction that the company owed the owner no duty except to use ordinary care to avoid injuring the stock after the engineer discovered it upon the track, or after he might have discovered it by the use of ordinary and reasonable care.
2. SAME—INSTRUCTIONS—DUTY TO FENCE.
    As there is no statute requiring railroad companies to fence their tracks in the Indian Territory, the court, when requested, should give a charge to this effect, in order to prevent misconception.

In Error to the United States Court in the Indian Territory.

Action by W. I. Ellidge against the Gulf, Colorado & Santa Fe Railroad Company to recover damages for the killing of stock. Verdict and judgment for plaintiff. Defendant brings error. Reversed.

*E. D. Kenna, J. W. Terry,* and *C. L. Jackson,* for plaintiff in error.

*A. Eddleman* and *W. A. Ledbetter,* for defendant in error.

Before CALDWELL, Circuit Judge, and SHIRAS and THAYER, District Judges.

CALDWELL, Circuit Judge. This was an action commenced in the United States court in the Indian Territory by Ellidge against the railway company to recover damages for cattle alleged to have been killed by the negligence of the company. The plaintiff below recovered judgment for $150.50, and the company sued out this writ of error. This case is identical in many of its aspects with the case of the same plaintiff in error against Washington, 49 Fed. Rep. 347, and the case of the same plaintiff in error against Campbell, Id. 354, in which opinions have just been filed.

The first four errors assigned are as follows:

"*First.* The court erred in overruling defendant's demurrer. *Second.* The court erred in overruling the motion to quash the writ of summons in this case. *Third.* The court erred in refusing to furnish counsel with a list of eighteen qualified and competent jurors from which to make peremptory challenges. *Fourth.* The court erred in permitting witnesses Ellidge and Blake to testify as to the distance which they could see up and down the track from the place where the stock was claimed to have been killed."

The first, second, and fourth of these assignments were overruled, and the third sustained, in the case of the plaintiff in error against Washington, *supra.* The defendant requested the court to instruct the jury to return a verdict for the defendant as to all the cattle sued for, and to return a verdict for the defendant as to all the cattle sued for, except one cow. There was sufficient evidence as to the killing of several head of cattle to let the case go to the jury, and these requests were properly refused. There are several assignments of error based on the instructions given and instructions refused. The first, fourth, and sixth requests of the defendant were embraced in the charge in chief, and it was not error to refuse to repeat them. The second and third requests declare that—

"The extent of the duty which the railroad company owes to the owner of stock upon its track and right of way is that the engineer in the charge of the train shall use ordinary and reasonable care after the stock is discovered by such engineer to prevent injury to such stock."

These requests fell short of expressing the whole duty of the company in such cases. It is the duty of the company to exercise reasonable care and watchfulness to discover cattle upon its track, and, when they are discovered, to use reasonable diligence to avoid injuring them. *Railway Co.* v. *Washington, supra.*

The defendant's fifth request was as follows:

"The court instructs the jury that the defendant railway company owed no duty to the plaintiff when plaintiff's stock strayed upon defendant's track, except to use ordinary or reasonable care to avoid injury to said stock after the engineer in charge of said train had, or by the use of reasonable and ordinary diligence might have, discovered said stock upon or near the said railway track."

This request expresses the law, and should have been given.

The seventh request asked the court to say to the jury that the law did not make it the duty of the railway company to fence its track. This is undoubtedly true, and, to prevent any misconception on the part of the jury as to the duty of the company in this regard, the court should have given the instruction asked.

The eighth request was as follows:

"The court instructs the jury that the stock of the plaintiff in this case mentioned in plaintiff's complaint were in the Indian Territory in violation of law, and the defendant is liable to plaintiff for any such cattle as killed by defendant's engines and trains only because of gross negligence on the part of defendant's servants in killing such stock."

There was no error in refusing to give this request. *Railway Co.* v. *Washington, supra.*

The ninth request was in substance a repetition of the eighth.

Error is assigned upon the following instruction given by the court:

"The question of negligence is a question to be determined by the jury from all the circumstances adduced before you. In cases of alleged negligence each case should be determined by its own peculiar circumstances, while in ordinary cases the duty that the railroad company owes the owner of stock upon its track is that the engineer in charge of said train at the time should use ordinary and reasonable care after stock is discovered by him to prevent in-

jury to it. Yet there is an obligation due to others from railroad companies, and that is to observe a strict lookout, while running their trains, for stock; and their agents, servants, and employes are presumed to keep such lookout, and it is a fair presumption that a watchful agent will see stock on the track; and the jury will then determine, from all the circumstances adduced before you, whether the agents, servants, or engineers used ordinary care to prevent injury to the cattle."

This instruction bears some resemblance to that given in the case of *Railway Co.* v. *Washington, supra.* We condemned the form of the instruction in that case, and it is much worse in this. As given in this case, it would be likely to confuse and mislead the jury. They might very well infer, and probably would infer, that the company owed the same duty to owners of stock on the track that it owes to its passengers.

We have stated the measure of the company's duty in respect of cattle on its track, and the rule is stated in the fifth request of the plaintiff in error in this case, and which we have held it was error not to give. The judgment is reversed, and the cause remanded, with directions to grant a new trial.