RAILWAY COMPANY *v.* SAGELEY.

Opinion delivered November 5, 1892.

1. *Evidence—Value of horse—Price paid.*

In a suit for the value of a horse alleged to have been negligently killed, where the plaintiff testified as to the market value of the animal, he may be required on cross-examination to disclose how much he paid for it.

2. *Railway—Presumption as to killing of stock.*

Where a dead animal is found near a railroad track, there is no legal presumption that it was killed at all, or, if killed, that it was killed on the track or by a train.

Appeal from Crawford Circuit Court.

HUGH F. THOMASON, Judge.

Sageley sued the St. Louis & San Francisco Railway Company to recover damages in the sum of one hundred dollars, the value of a horse alleged to have been negligently killed by defendant's train. The questions which arise in the case are sufficiently stated in the opinion. The jury awarded to the plaintiff the amount of damages sought. Defendant has appealed.

*B. R. Davidson* for appellant, with whom are *E. D. Kenna* and *Adiel Sherwood.*

1. The price plaintiff paid for the horse was competent evidence. 16 S. W. Rep. 576 ; 54 Ark. 554 ; 46 *id.* 93 ; 47 *id* 497, 500, 501.

2. The fact that a horse is found wounded or dead near the track raises no presumption that the injury was done by a train. There must be evidence to connect the injury with the operation of trains. 42 Ark. 122 ; 78 Ky. 621.

3. The first instruction for plaintiff was error. The statute simply makes a *prima facie* case where the killing is confessed or is shown to have been done by the railroad's engine or cars. Mansf. Dig. secs. 5537, 5554 ;

52 Ark. 162 ; 42 *id.* 122, 126 ; 53 *id.* 96 ; 48 *id.* 366, 370 ; 39 *id.* 413, 419 ; 33 *id.* 816.

1. Price paid as evidence of value.

HEMINGWAY, J. The plaintiff testified in his own behalf, and upon cross-examination the defendant asked what he paid for the horse and of whom he bought it. The question was objected to by his attorney, and he answered that he paid $45 for it and bought it of one Foster. The court excluded the answer, and the defendant excepted. Was it admissible? It is certainly true that the value of the horse when it was killed, and not what plaintiff paid for it, was the measure of his damages ; but as the witness had given his opinion as to the value of the horse, we think the question came within the legitimate scope of cross-examination, and that the answer should have been left for the jury to consider in determining the weight to be given his testimony as to value. It may have been entitled to but little weight ; he may have bought the horse at a bargain, its condition may have improved, valuable qualities may have been discovered or developed, or the market may have advanced ; and some such fact might have accounted for a great disparity between the price paid and the estimated value. If such were true, no one knew it better than the witness, who should have been permitted to explain it ; whether the explanation explained, or left the disparity unexplained, and how far, in the latter case, it should affect the estimate made by the witness, are proper questions for a jury ; we think it sufficiently related to his evidence in chief and to the issue to render it admissible. The fact, if such it be, that it related to a collateral matter did not justify its exclusion, for while it is not proper to impeach a witness by proof elicited from another witness contradicting the former as to his testimony upon a collateral matter, this rule does not apply to a cross-examination, which may be carried into collateral matters. 1 Greenl. Ev. 449; *Hollingsworth* v. *State*, 53 Ark. 387.

Whether the court's action was a reversible error, we need not determine, for the holding that the evidence was proper will be sufficient to guide the court upon a future trial.

The next question arises out of the court's action in giving, against defendant's objection, the following instruction: "The court instructs the jury that if they find from the evidence that the horse in question was found killed or mortally wounded so near the road-bed of defendant company that he was probably thrown there by a passing train of defendant company, then the presumption is that the wounding or killing was done by defendant's train, and that it resulted from want of due care, and defendant would be liable unless this presumption is rebutted by defendant company."

*2. No presumption as to stock found dead near railway.*

It may be proper to say, in considering this point, that upon the trial it was conceded that the horse was found dead near the defendant's road-bed; but it was contended, and there was evidence tending to show, that it was not injured by the train, but died of disease at a place to which it casually strayed or had been driven as suitable for its death. The pivotal question in the case was, did the horse die of injuries received upon the track? and the instruction quoted was designed to guide the jury in determining it. By it the jury was given to understand that if the horse's nearness to the track when found dead raised a probability that it was thrown there by a train, the law would so presume. We are of opinion that no degree of probability that such was the fact would furnish a basis for a legal presumption that it was, and that a probability of the fact would warrant a jury in finding it only if it was the strongest probability arising upon all evidence as to the cause of the injury. Unless the horse was injured by the train, the action could not succeed; whether it died of such injury or of disease, was purely a question for the jury, to be deter-

mined upon a consideration of all the evidence; and it was not proper for the court to indicate what weight should be attached to a probability arising from any circumstance or set of circumstances, or that a probability of any fact would justify the jury in finding the fact unless it was satisfied upon all the evidence that such probability fairly preponderated as against counter-probabilities. From the fact that the horse was found dead near the railroad track, the law presumed nothing, no matter what probabilities might arise, nor how well they might warrant the finding of a jury. It was incumbent on the plaintiff to prove, by a preponderance of evidence, that the horse was killed on the track, and he could not satisfy this requirement by proof of a fact from which it seemed probable, and then appeal to a legal presumption to overcome other or stronger probabilities. If, upon all the evidence, the jury believed that the horse was killed on the track, then, under the rule fixed by the statute, the presumption would arise that it was killed by a train, and that its death was due to the defendant's negligence; but in a case where a dead animal is found near a railroad track, there is no statute that raises the presumption that it was killed at all, or, if killed, that it was killed on the track or by the train. On the contrary, it has been ruled by this court that there must be evidence to connect the injury with the running of the train. *St. Louis, etc., Ry. Co.* v. *Hagan*, 42 Ark. 126.

There was no substantial error in other parts of the charge, but for the error in giving this instruction the judgment will be reversed, and the cause remanded.