CHICAGO R. I. & P. RY. CO. VS. WOODWORTH.

Opinion delivered February 15, 1896.

1.  *Defective Complaint—Not Cured by Answer.*

Where the complaint does not state facts sufficient to  constitute a cause of action, the defect is not cured by the defendants answering to the merits, but may be taken advantage of at any time.

2.  *Railway Company—Fences.*

In the Indian Territory there is no law requiring railway com-

panies to fence their track or right of way, and it is error in the trial court to refuse an instruction to this effect.

*3.   Fencing Right of Way—Extraordinary Diligence.*

A railway company not being required by law to fence its track or right of way in the Indian Territory, by doing so the railway company only exercises extraordinary diligence to prevent accidents, and failure to maintain such fence is not negligence.

Appeal from the United States court for the Southern district of the Indian Territory.

Action by Kirk Woodworth against the Chicago, Rock Island & Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

*M. A. Low, W. E. Evans, J. E. Dolman* and *J. I. Dille,* for appellant.

1.   Complaint did not allege carelessness on part of defendant. Railroad company is not liable for killing stock, if done without carelessness or negligence on its part. Railroad Co. vs. Holland 40 Ark. 336 ; Railroad Co. vs. Kerr, 52 Ark. 162 ; S. C. 12 S. W. 329 ; Turner vs. Railroad Co. 76 Mo. 261. The question that complaint does not state a cause of action can be raised at any time. Kentucky Life & Acc. Ins. Co. vs. Hamilton, 63 Fed. 93, 99 ; Slocum vs. Pomery, 6 Cranch 221; Stors vs. Williams, et al, 38 Pac. 135; Childs vs. K. C. St. Jo. & C. B. R. R. 117 Mo. 414, 427, G. C. & S. F. R. R. vs. Vieor, 26 S. W. 230 ; Funk vs. Piper 50 Ill. App. 163.

2.   A railroad company in the Indian Territory is not required under the law to fence its track, and it is no evidence of negligence that it fails to fence its track. G. C. & S. F. R. R. Co. vs. Eldridge, 49 Fed. 356 ; G. C. & S. F. R. R. Co. vs. Washington, 49 Fed. 344.

*C. B. Kendrick,* for appellee.

No brief is on file on behalf of appellee.

The opinion states the facts.

SPRINGER, C. J.   This action was brought by the apellee against apellant to recover the value of five steers killed on the appellant's railroad, on or about the 25th day of April, 1894.   The complaint is as follows:   "Your petitio-ner, Kirk Woodworth, plaintiff herein, a United States citizen, and a resident of the third judicial division, Indian Territory against Chicago, Rock Island & Pacific Railroad, and defendants herein, a corporation, duly incorporated, doing a regular railroad business and having one of their tracks running through the Third Judicial Division, Indian Territory, and having a regular station or depot house, with their regular railroad agent, in the town of Minco in the Third Judicial Division, Indian Territory, plaintiff com-plaining says :   That on or about April 25, 1894, at or near about two miles north of said track No. 1, on said defendants railroad, in said division and territory, said defendants killed five steers and injured one steer, so as to be unmark-etable and of the value of $175.00. Said steers were branded, all of the said six steers being the property of said plaintiff. Plaintiff further alleges that defendant killed said steers without any fault or negligence of said plaintiff."   The answer to said complaint is as follows:   "And for answer to plaintiff's complaint, the defendant denies all and singular the allegations therein contained, except as hereinafter expressly admitted.   The defendant admits that, at all times mentioned in plaintiff's complaint, it was a corpora-tion organized and existing under and by virtue of law, and owned and operated, through said Third Judicial Division, a railroad known as the Chicago, Rock Island & Pacific Railway as alleged; that plaintiff is a resident of said dis-trict; that the steers mentioned in plaintiff's complaint were injured and killed as alleged.   But defendant avers, as to the

value of said steers, it has no knowledge or information sufficient to form a belief; and it further avers that said steers were injured and killed without any fault or negligence of this defendant, its agents or employes."

The counsel for appellant assigns as one of the errors in this case, that the complaint does not state a cause of action, in this: That it does not allege that the cattle in question were killed or injured by the negligence or carelessness of the railway company, or that the company was negligent in the operation of its train, or otherwise; that the appellant had a right to operate its railway and train, and that it is not liable for stock killed thereby, unless such killing resulted from the carelessness or negligence of the railway company. In support of this contention, appellant cites the following authorities: Railroad Co. vs. Holland, 40 Ark. 336; Railroad Co. vs. Kerr, 52 Ark. 162; 12 S. W. 329; Turner vs. Railroad Co. 76 Mo. 261. Appellant also contends that the defect in the complaint, that it does not state a cause of action can be raised at any time. Counsel for appellee in their brief, state as follows: "We concede that the complaint should have contained the allegation that the killing of the appellees cattle was by reason of the negligence of the appellant, but contend that this is not an error for which the court should reverse the cause, and that the appellant waived this error—First by answering to the merits and specifically denying that it was negligent; and, Second, by failing to object to evidence introduced for the purpose of and proving negligence." Several authorities are cited in support of this contention of appellee, one of which is found in the decision of the Supreme Court of Arkansas, in which it is said; "If the defendant had doubted the sufficiency of the pleading, he should have demurred and brought the question of its legal sufficiency before the court; but instead of this, he has treated them as sufficient in law to put him to answer, and having answered, and gone to

trial upon the issue formed, even if the pleadings were technically insufficient, the question cannot for the first time be raised in this court." In the case of Fain vs. Goodwin, 35 Ark. 110, cited by appellee, the court said: "When parties accept pleadings as raising issues and go to trial upon them, it is too late to make your objections here (that is, in the supreme court) and this court only takes notice of them now to urge upon the profession and the circuit courts a closer regard to the true intent and meaning of the new system." A careful examination of the case referred to discloses the fact that the defect alleged was in the answer of the defendant below and not in the complaint. Appellee also cites, Mansf. Dig. St. Ark. §5080, which empowers the court to amend the pleadings or to conform the pleadings to the facts proved, and states that, "that which the law requires should be done, is considered as done." Section 5028 Mansf. Dig. states the grounds upon which the defendant may demur to a complaint; the fifth ground being that the complaint does not state facts sufficient to constitute a cause of action. Section 5031 provides that, when any of the matters enumerated in section 5028 do not appear on the face of the complaint the objection may be taken by answer, and if no such objection is taken either by demurrer or answer, the defendant shall be deemed to have waived the same, "except, only, the objection to the jurisdiction of the court over the subject of the action, and the objection that the complaint does not state facts sufficient to constitute a cause of action." The plain and unmistakable meaning of this statutory provision is that the defendant cannot waive, by failure to demur or answer the objection that the complaint does not state facts sufficient to constitute a cause of action. This statute is based upon the well recognized principle, that, where there is no cause of action stated in the complaint, there can be no valid judgment. Elliott App. Proc. 393 ; Slacum vs. Pomery 6, Cranch 221; Ins. Co. vs. Hamilton, 11 C. C. A. 48. In the for-

*If complaint does not state cause of action defendant cannot waive it by answer.*

mer case Chief Justice Marshall, speaking for the Supreme Court of the United States, laid down the rule "that the declaration must state facts sufficient to sustain a judgment." Where the complaint does not state facts sufficient to constitute a cause of action, the defect may be taken advantage of, for the first time on appeal. Smith vs. Burrus ( Mo. ) 16 S. W. 881 ; Thompson vs. Gatlin 7 C. C. A. 351 ; 58 Fed. 534. While the rule that defects are cured by a verdict is very liberally applied, still it cannot be invoked to sustain a complaint, which omitted a fact indispensably essential to a cause of action. Cox vs. Hunter, 79 Ind. 590 ; Mansur vs. Streight, 103 Ind. 358 ; 3 N. E. 112. The complaint in the case at bar does not present the case of essential averments, inaccurately or defectively stated, but one where there is total omission of the facts essential to the appellee's cause of action. Mansur vs. Streight, 103 Ind. 358, 3 N. E. 112. It is conceded by the appellees counsel that the complaint should have contained the allegation that the killing of appellee's cattle was by reason of the negligence of the appellant, but they contend that this error was waived by reason of the fact that the appellant answered to the merits of the case, and did not object to the evidence introduced for the purpose of proving negligence. We do not concur in this contention. The complaint does not state facts sufficient to constitute a cause of action. The railway company was not liable for damages for the killing of appellee's cattle, unless such killing was the result of appellant's negligence ; and an averment to this effect was necessary to support a judgment such as was awarded in this case. Appellant requested the court to give to the jury the following instructions which were refused. "You are instructed that it is the law of the territory that the defendant is not required to fence its track or right of way, and it is no evidence of negligence for the defendant to fail to fence its track." In the Indian Territory there is no law which requires the rail-

Complaint not stating cause of action may be taken advantage of on appeal.

Railroad
company not
required to
fence right of
way.
way company to fence its track or right of way and it was error in the court below to refuse an instruction to this effect.   Railway Co. vs. Ellidge 1 C. C. A. 295 ; 49 Fed. 356, 357 ; Railway Co. vs. Washington, 1 C. C. A. 280 ; 49 Fed. 347.   Counsel for appellee, in their brief, concede that the law in the Indian Territory does not require the appellant to fence its tracks, but contend that the railroad company cannot make a snare for stock by fencing the track and leaving gaps down, or gates open.   The evidence in this case discloses the fact that the railroad company did fence its track at the place where the stock were alleged to have been killed, but that at a certain crossing of a public highway instead of erecting cattle guards on each side of the road, it erected gates, which could be opened and closed by persons crossing the railroad track ; and employes of the road testified that they frequently repaired these gates and kept them closed, but that persons travelling along the highway persisted in leaving them open or breaking them down. Appellee's cattle were herded by a man in his employ, who was cognizant of the existence of the gates, and of the fact that they were frequently torn down or left open.   If the railroad company was negligent in this case, it was for its failure to do some act which was required by law.   It is conceded that the law does not require the railroad company to fence its track.   Can, therefore, the railroad company, in its effort to use extraordinary care, be charged with negligence for maintaining such extraordinary care at all parts of the track ?   In the case of Railway Co. vs. Bridges ( Tex. Sup ) 12 S. W. 210, cited by the appellee's counsel, it was held that when a railroad company voluntarily assumes the duty of maintaining a crossing, it is negligent if it fails to keep such crossing in repair and is liable for injuries resulting therefrom.   Appellee contends that, if this is true as to crossings, for the same reason, a railroad company, voluntarily fencing its track, is bound to keep its fences in repair, and, if it

permits gaps to be left down or gates to be left open it is negligent and liable for injury to man or beast resulting therefrom. The construction of a crossing upon a railroad track is an invitation to the public to cross the track at that place, and the company, by thus inviting the public to use the crossing at that place, is bound to exercise diligence in maintaining the crossing in a proper condition ; but we submit that this rule does not apply where the railroad company fails to fence its track at all parts of its road, if it should fence it at one part, or a portion of its road. By the fencing of the right of way, the railroad uses extraordinary diligence to prevent accidents, but by failing to fence its track it does not invite the public to go on its track, nor does it invite cattle to herd upon its right of way ; and if cattle go upon the track when trains are passing and they become injured, the railroad company is not liable for damages, unless failing to exercise ordinary care to discover animals that may be upon its track, or, after seeing the danger to which such animals would be subjected, it fails to exercise its utmost diligence in preventing injury to them. If the railroad company is guilty of negligence in leaving the fence open at any part of its track, after fencing a portion of it, it would be required by the same rule to fence it along its entire line. The jury in this case evidently reached the conclusion that the railroad company was guilty of negligence by reason of the fact that the gates were not kept in repair at the highway, or by reason of the fact that suitable cattle guards were not placed on either side of the highway, to prevent cattle from going on the right of way of defendant's railway. If the court had instructed, as requested by appellant that the railway company was not required by law to fence its track the jury would, in all probability, have found for the defendant; for there was no other evidence of negligence disclosed in the testimony which they could have taken into consideration.

<div style="margin-note">Fencing right of way is extraordinary diligence.</div>

Entertaining this view of the case, we are of opinion that the court should have instructed the jury, as requested by the appellant's counsel, to return a verdict for the defendent in the case below ; there having been no evidence tending to show negligence on the part of the railroad company, other than the failure to keep the gates at the crossings of the public highway in repair and properly closed. Cases might arise wherein the position of the fences with relation to the track might make it difficult, or even impossible, for cattle that had gone upon the right of way through an opening in the fence to effect their escape from passing trains ; but such a state of facts would present a question not disclosed by this record. Therefore, the judgment of the court below is reversed, and the case remanded, with directions to set aside the verdict and take such further proceedings as may be consistent with this opinion.

LEWIS, J., concurs.