MISSOURI, KANSAS & TEXAS RAILWAY CO. vs WARD.

Opinion delivered January 8, 1898.

*1. Killing of Stock by Railway Co.—Negligence—Question for Jury.*
   Plaintiff's bull was killed by an engine in the night. At the

point where he was killed the track was clear for a distance of fifty feet on each side of the track and the bull could have been seen for. a distance of a quarter of a mile by the engineer. *Held*, These circumstances tended strongly to show negligence and the court properly allowed the evidence to go to the jury.

2. *Duty to Produce Evidence.*

It is the duty of one who has it in his power to offer evidence upon the facts and rebut the inferences which the circumstances tend to establish and if he fails to offer such proof, the natural conclusion is that the proof if produced, would support the inferences against him, and the jury is justified in acting upon that conclusion. ·

Appeal from the United States Court for the Northern District.

YANCEY LEWIS, Judge.

Suit by W. G. Ward against the Missouri, Kansas & Texas Railway Co. Judgment for plaintiff. Defendant appeals. Affirmed.

This was an action instituted on the 21st day of March, A. D. 1893, before Joseph G. Ralls, United States commissioner for the Second judicial division of the Indian Territory, at Atoka, by the plaintiff, alleging that on or about the 21st day of July, 1891, he was the owner of a certain red cherry bull, about 2½ years old, of the value of $50, and that the defendant carelessly and negligently, and without fault on the part of plaintiff, by its servants and agents and train, struck said bull, and so injured the same that it died from the effects thereof; that said bull was injured on defendant's railroad about three miles north of Caddo, Ind. T., whereupon the plaintiff prayed judgment for the sum of $50 with interest thereon from the 21st day of July, 1892, and his costs. The defendant answered, denying all the allegations

in the complaint. The case was tried before the commissioner, and judgment rendered for the sum of $35 and costs in favor of the plaintiff. Defendant appealed.

On February 1, 1894, the defendant moved for a change of venue from the Second to the First judicial division of the Indian Territory; and on June 23, 1896, the case was tried before a jury, who returned a verdict for the plaintiff, and assessed his damages at the sum of $40. Defendant moved for a new trial, and the same was overruled; whereupon judgment was rendered upon the verdict, and the defendant appealed to this court, and on the 12th day of October, 1896, filed its bill of exceptions in the United States court for the Indian Territory, Northern judicial district. From the bill of exceptions it appears the testimony of all the witnesses was preserved, and the defendant, by its counsel, requested the court to give certain instructions to the jury, which requests were overruled by the court, and the court thereupon proceeded to instruct the jury as follows: "The court instructs the jury that the right of the plaintiff to recover in this case rests upon the proof of negligence on the part of defendant company's employes. If there be no proof of such negligence, you will find for defendant. The court instructs the jury that there is no obligation upon said defendant company to fence the track, and, if the track not being fenced was the cause of the injury, then you can not find for plaintiff. Now, if you find that defendant's servants and employes, in operating its trains and engine, failed to exercise ordinary care to discover the animal on the track, and to avoid injuring it after it was discovered, and that said failure caused the injury, then you will find for plaintiff. If the evidence fails to show that the defendant's employes were lacking in ordinary care, ordinary care meaning that care which a reasonably prudent man would use under like circumstances with like agencies,

then you will find for defendant. The burden of proof is on the plaintiff to establish his right to recover. If he has failed to show negligence, or if the evidence is evenly balanced with the defendant, find for the defendant, for negligence must be shown on the part of the defendant. You are the judges of the weight of the evidence. and the credibility of the witnesses. Take a standard which is the care that an ordinarily prudent man would exercise. Apply that standard to the proof in this case. If it shows that the employes failed to exercise that care, find for the plaintiff. If the proof falls short of showing that they failed to exercise that care, find for defendant. If you find for the plaintiff, find for a reasonable market value of the animal."

*Clifford L. Jackson* and *Joseph M. Bryson*, for appellant.

*Z. T. Waldrond* and *J. H. Gordon*, for appellee.

TOWNSEND, J. ( after stating the facts ). The evidence in this case shows the bull was killed by an engine or train in the night, and that, at the point where he was killed, the track was clear for a distance of 50 feet on each side of the track, and that the bull could have been seen for a distance from a quarter to one-half of a mile by the engineer had he been on the lookout. These circumstances tended strongly to show negligence, and from which we think the jury could rightfully infer negligence. We think this evidence was properly allowed to go to the jury, and under the charge of the court, which, in our opinion, states the law correctly, the jury were justified in returning a verdict for the plaintiff. The defendants introduced no evidence whatever, and, if there were any circumstances in its favor, the information was all with them. "It is a well-settled rule of evidence that when the circumstances in proof tend to fix a liability on a party who has it in his

*Negligence. Question for jury.*

(45)

power to offer evidence of all the facts as they existed, and rebut the inferences which the circumstances in proof tend to establish, and he fails to offer such proof, the natural conclusion is that the proof, if produced, instead of rebutting, would support, the inferences against him, and the jury is justified in acting upon that conclusion." Railway Co. vs Ellis, 10 U. S. App. 643, 4 C. C. A. 454, and 54 Fed. 481. All the questions set forth in the specifications of error have been fully decided in the United States court of appeals in the foregoing cited case, and in the following cases: Railway Co. vs Johnson, 10 U. S. App. 629, 4 C. C. A. 447, and 54 Fed. 474; Railway Co. vs Washington, 4 U. S. App. 121, 1 C. C. A, 286, and 49 Fed. 347; Railway Co. vs Elledge, 4 U. S. App. 136, 1 C. C. A. 295, and 49 Fed. 356. The judgment is therefore affirmed.

*Party having evidence and failing to produce it. Inference.*

SPRINGER, C. J., and CLAYTON and THOMAS, JJ., concur.