## FT. SMITH & W. RY. CO. v. BENSON.

### No. 452. Opinion Filed May 10, 1910.

#### (109 Pac. 77.)

1. **RAILROADS — Killing Stock on Track — Question for Jury**
Plaintiff's horse was found dead shortly after he was killed, lying at the bottom of an embankment of the railway company with his neck broken and his head doubled back under him, with the hair knocked off one side of his body the size of a half bushel, and with a swollen place underneath on one side. The surface of the ground around the body was not disturbed, and there was no indication of the horse having scuffled. There was a slight curve in the track of the railway company at that point; but the track was straight in each direction for a distance of from one mile to one and a quarter miles, and there was nothing to obstruct a view upon the track for those distances. Held, that the court did not err in submitting to the jury under proper instructions the question whether the horse was killed by a train of the railway company, and, if so, whether the company was guilty of any negligence.

2. **TRIAL—Instructions—Evidence to Support.** It is not error to refuse to instruct the jury upon a theory of defense to support which no evidence was introduced.

(Syllabus by the Court.)

*Error from Pittsburg County Court; R. W. Higgins, Judge.*

Action by I. M. Benson against the Ft. Smith & Western Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*C. E. Warner* and *R. A. Smith,* for plaintiff in error.

*Fuller & Porter,* for defendant in error.—Citing: *Gulf, C & S. F. Ry. Co. v. Washington,* 49 Fed. 347; *M. K. & T. Ry. Co. v. Ward* (Ind. Ter.) 43 S. W. 954; *Bank v. Johnson,* 22 Okla. 228.

HAYES, J. This is an action for damages brought by defendant in error, plaintiff below, against plaintiff in error, defendant below, for the negligent killing of plaintiff's horse by one of defendant's trains on or about the 18th day of July, 1907. The ver-

dict and judgment of the trial court was in favor of plaintiff.   Two
alleged errors are presented for reversal of the cause, to wit: First,
that the evidence is insufficient to support the verdict; second, the
refusal of the court to give an instruction requested by defendant.

Plaintiff turned his horse out one afternoon.   He saw him the
next morning, and on the succeeding morning he found the horse
dead near defendant's railway track.   The horse, when found dead,
was lying at the bottom of an embankment of defendant's railway
with his neck broken, his head doubled back under his neck, hair
knocked off in one place the size of a half bushel, and had a swollen
place somewhat underneath on one side like something had hit him.
The embankment gradually sloped from the top of the embank-
ment to the bottom to an extent that it could be ridden over upon a
horse.   The dead horse was at a point where the embankment reach-
ed the level of the ground.   The track was ballasted with rock, so
that animals walking thereon could not make tracks.   There was
no indication of the horse having scuffled.   The ground around
him had not been disturbed, and the appearances were that he had
landed right where found and in the same position found.   At the
point where the horse was found, there was a slight curve in de-
fendant's railway track; but the track was straight in each direction
for a distance of from 1 mile to 1 1-4 miles, and there was nothing
to obstruct a view upon the track for those distances.   No one tes-
tified to having seen the accident.   Defendant insists that the
evidence fails to establish: First, that the horse was killed by the
company; and, second, that, if he was killed by the company, the
company was guilty of any negligence.

The accident occurred in the Indian Territory before the ad-
mission of the state.   In *Gulf, Colorado & Santa Fe Ry. Co. v.
Washington,* 49 Fed. 347, 1 C. C. A. 286, which originated in the
Indian Territory, plaintiff sought to recover for certain live stock
killed by the railway company.   The killing of some of the stock
was seen by no witness produced by plaintiff.   The railway company
insisted that, as to those stock to the killing of which no eyewitness

had been produced, the evidence was insufficient to prove that they were killed by the railway company. Circuit Judge Caldwell, delivering the opinion of the court, said:

"Some of the cattle sued for were found, very soon after they were killed, on or near the railroad track, and the injuries and marks of violence appearing upon their bodies were such as would be inflicted by coming in contact with a movnig engine or train of cars. A jury might well find from these circumstances that the cattle were killed by the defendant's train."

In *Railway Company v. Sagely,* 56 Ark. 549, 20 S. W. 413, the horse for which recovery was sought was found killed or mortally wounded near the roadbed of the railway company. The trial court instructed the jury that this fact created a presumption that the injury was done by the railway company's train. This was held error; but in the opinion it was said:

"The pivotal question in the case was: Did the horse die of injuries received upon the track? The instruction quoted was designed to guide the jury in determining it. By it the jury was given to understand that, if the horse's nearness to the track when found dead raised a probability that it was thrown there by a train, the law would so presume. We are of opinion that no degree of probability that such was the fact would furnish a basis for a legal presumption that it was, and that a probability of the fact would warrant a jury in finding it only if it was the strongest probability arising upon all evidence as to the cause of the injury. Unless the horse was injured by the train, the action could not succeed; whether it died of such injury or of disease was purely a question for the jury, to be determined upon consideration of all the evidence; and it was not proper for the court to indicate what weight should be attached to a probability arising from any circumstances or set of circumstances, or that a probability of any fact would justify the jury in finding the fact, unless it was satisfied upon all the evidence that such probability fairly preponderated as against counter probabilities. From the fact that the horse was found dead near the railroad track, the law presumed nothing, no matter what probabilities might arise, nor how well they might warrant the finding of a jury."

Plaintiff in error cites and relies upon *Southern Ry. Co. v. Forsythe* (Ky.) 64 S. W. 506, as a parallel case supporting its

contention. If it be a parallel case, it is in conflict with *Gulf, Colorado & Santa Fe Ry. Co. v. Washington, supra,* and that case should control us. But we do not think the case relied upon is a parallel case. In that case the evidence was that the animal injured was found near a fill of the railroad company about 15 feet high. The tracks at the top of the fill indicated that the colt had stopped suddenly and in doing so, as if preparing to jump from the fill, had placed all four feet close together. It had bruises only on its head and feet, and was not so bruised as to indicate that it had been struck by any object such as a moving train. The defendant railway company proved by the employees in charge of its trains which passed over the road on the night the animal was injured that they examined their engines when they arrived at their destination to see if there was any evidence that they had struck any stock; that they found no evidence of that character; that, when engines struck stock, there is usually some blood or hair left on them; that they remembered that they kept a lookout on that night for stock, and did not see the colt on the rack, and did not strike it with their engines. Upon this state of the record, the appellate court reversed the judgment of the trial court upon the ground "that it was palpably against the weight of the evidence."

In the case at bar, there was a bruise upon the dead horse slightly underneath and on the side, such as would likely result from being struck by a moving engine. The embankment was not steep, but sloping so that stock could pass backward and forwards over it. It might be that the horse, being upon the fill, in attempting to jump therefrom, fell and killed himself; but the peculiar position of the horse and his wounds strongly suggest against this probability. Had he become injured in such manner, the large bruise occurring on the side and underneath and the skinned place upon his hip could not be readily accounted for, when it was shown that the horse's neck was broken, and that there had been no disturbance of the surface of the embankment, other than at the very place where he lay. These were all circumstances for the jury to consider and determine what caused the horse's death, and the evi-

dence was sufficient to carry the case to the jury upon the question of negligence. *M., K. & T. Ry. Co. v. Ward,* 1 Ind. T. 670, 43 S. W. 954.

Plaintiff in error requested the court to instruct the jury as follows:

"The court instructs the jury that the engineer of a train must use reasonable care and watchfulness to discover cattle upon the track, and, when they are discovered, to use reasonable care and diligence to avoid injuring them, but that is not always necessary that the engineer should stop the train or slacken its speed on discovering stock on the track. Ordinary prudence requires him to endeavor promptly to drive them off by sounding his whistle, but does not require him to stop or slacken the speed of the train when he may reasonably believe that they will leave the track in time."

That part of the requested instruction which charges that the engineer must use reasonable care and watchfulness to discover cattle upon the track, and when they are discovered to use reasonable care and diligence to avoid injuring them, was covered by another charge of the court to which no objection was made. As to the remaining portion of the charge, there is no evidence in the record to which it can be applied. No evidence was introduced by the railway company attempting to explain how the accident occurred, or what care was exercised by the employees to discover the animal or to prevent injuring him after he was discovered. The refusal by the court to give the identical instruction here involved upon a similar state of facts was held by this court, in *Ft. Smith & Western Ry. Co. v. Collins, infra,* 108 Pac. 550, not error; and, upon the authority of that case, this contention of plaintiff cannot be sustained.

There being no error urged requiring a reversal of the cause, the judgment of the trial court is affirmed.

All the Justices concur.