# DAVIS BROS. & BURKE *et al.* v. LE FLORE.

No. 761. Opinion Filed July 12, 1910.

(110 Pac. 782.)

**RAILROADS—Injuries to Animals—Fences.** Where a railway company is not required either by statute or contract to fence its right of way, but does so, failure to keep the fence in such condition as will prevent cattle from going upon its right of way does not subject the company to the payment of damages for the killing of trespassing cattle or stock by the operation of trains, unless the killing is shown to have been negligently done.

(Syllabus by the Court.)

*Error from Atoka County Court; J. H. Linebaugh, Judge.*

Action by Charles Le Flore against Davis Bros. & Burke and others. From a judgment for plaintiff, defendants bring error. Reversed and remanded, with instructions.

*C. L. Jackson* and *W. R. Allen,* for plaintiffs in error.—Citing: *Martin v. C., B. & Q. Ry. Co.,* 89 Pac. 1025 ; *C., C. & C. R. Co. v. Elliott,* 4 Ohio St. 474; *Crary v. C., M. & St. P. Ry. Co.,* 100 N. W. 18; *Beasley v. New Orleans & N. E. R. Co.,* 45 South. 864; *C., R. I. & P. Ry. Co. v. Woodworth,* 1 Ind. Ter. 20.

*D. H. Linebaugh,* for defendant in error.

DUNN, C. J. This case presents error from the county court of Atoka county, Okla. Judgment was rendered in favor of defendant in error as plaintiff against the plaintiffs in error as defendants. Plaintiff brought action to recover damages alleged to have been caused by the killing of certain cattle and a jennet, which had strayed onto the railroad track of the Missouri, Kansas & Texas Railway Company through an opening made in a fence which had been constructed along the right of way. The plaintiffs in error aside from the railway company were alleged to be employees thereof. The crucial question in the case, and the decision of which will determine it, is raised on an exception taken by the defendants to the fourth instruction given by the court to the jury. The same is as follows:

"The court instructs you that the defendant railway company were not required by law to fence their right of way at the time and at the points the plaintiff alleges that his cattle and jennet were killed, but, if you find from the evidence that the defendant railway company had voluntarily fenced its right of way at said time and said points, then, in that event, it would be charged with the duty of maintaining and keeping that fence in such state of repair that ordinary stock could not pass over it or through it, and if they permitted their employees to tear down or make openings therein, or if they had knowledge that the same had been done, and permitted it to remain in that condition, and failed to replace or repair same, and that stock was allowed to pass over or through said fence upon its right of way, and are run over and injured and killed by its engines and cars, that it would

be liable together with its said employees for all damages thus incurred, and, if you find from a preponderance of the evidence in this case that said conditions existed and that the plaintiff's cattle and jennet did pass through said line of fence and upon said right of way, and were run over and injured or killed by the engines and cars of said railway company, then, in that event, the said railway company would be liable to the plaintiff jointly with their employees for all damages that the facts may show to you that the plaintiff has sustained; otherwise you would find for the defendants."

It may also be noted that neither in the pleading nor the evidence is the defendant railway company or the other defendants charged in any particular with negligence in the killing of the said animals further than may be involved in the mere failure to maintain and keep the fence in such a state of repair that stock could not pass over or through it. Counsel for defendants rely for reversal of the judgment on the case of *C., R. I. & P. Ry. Co. v. Woodworth*, 1 Ind. T. 20, 35 S. W. 238. This case is practically on all fours with the case at bar, and holds that, under the state of facts here presented, recovery could not be had. Counsel for plaintiff referring to this case says in his brief that, if it be followed, a reversal and dismissal of the action will necessarily result, and, while asserting that it fails to declare the law, he cites no countervailing authority, and we know of none, while the opinion relied on finds support in the adjudications of a number of other jurisdictions, among which may be noted the following: *Beasley v. New Orleans & N. E. R. Co.*, 91 Miss. 268, 45 South. 864; *Georgia Southern & F. Ry. Co. v. Wisenbaker*, 113 Ga. 604, 38 S. E. 956; *Martin v. Chicago, B. & Q. Ry. Co.*, 15 Wyo. 493, 89 Pac. 1025; *Crary v. Chicago, Milwaukee & St. Paul Ry. Co.*, 18 S. D. 237, 100 N. W. 18; *Cleveland, Columbus & Cincinnati R. R. Co. v. Elliott*, 4 Ohio St. 474.

In the case of *C., R. I. & P. Ry. Co. v. Woodworth, supra,* the Court of Appeals for the Indian Territory, discussing this question, said:

"By the fencing of the right of way, the railroad uses extraordinary diligence to prevent accidents, but by failing to fence its

track it does not invite the public to go on its track, nor does it invite cattle to herd upon its right of way; and, if cattle go upon the track when trains are passing, and they become injured, the railroad company is not liable for damages, unless failing to exercise ordinary care to discover animals that may be upon its track, or, after seeing the danger to which such ainmals would be subjected, it fails to exercise its utmost diligence in preventing injury to them. If the railroad company is guilty of negligence in leaving the fence open at any part of its track, after fencing a portion of it, it would be required by the same rule to fence it along its entire line. The jury in this case evidently reached the conclusion that the railroad company was guilty of negligence by reason of the fact that the gates were not kept in repair at the highway, or by reason of the fact that suitable cattle guards were not placed on either side of the highway to prevent cattle from going on the right of way of defendant's railway. If the court had instructed, as requested by appellant, that the railway company was not required by law to fence its track, the jury would, in all probability, have found for the defendant; for there was no other evidence of negligence disclosed in the testimony which they could have taken into consideration. Entertaining this view of the case, we are of opinion that the court should have instructed the jury, as requested by the appellant's counsel to return a verdict for the defendant in the case below."

From the foregoing considerations, we are constrained to hold that on the whole case, no legal element of negligence of defendants having been shown, the judgment of the trial court must of necessity be reversed, and the case remanded, with instructions to set aside the judgment herein rendered and dismiss the same.

TURNER, HAYES, and KANE, JJ., concur; WILLIAMS, J., concurs in the conclusion.