MISSOURI, K. & T. RY. CO. v. STATE.

No. 965.   Opinion Filed May 9, 1911.

(115 Pac. 770.)

RAILROADS—Stopping Trains at Flag Station—Order of Corporation Commission.   A petition was filed for the stopping of certain trains on flag at Craig Switch, which was granted by the Commission.   An appeal was prosecuted therefrom.   Held, that the same should not be disturbed on appeal.

(Syllabus by the Court.)

*Appeal from Corporation Commission.*

Application by the State for an order for the Missouri, Kansas & Texas Railway Company to stop passenger trains at a certain station.   From an order of the Corporation Commission requiring the trains to stop, the railway company appeals.   Affirmed.

*Clifford L. Jackson* and *W. R. Allen,* for appellant.

*G. A. Henshaw,* Asst. Atty. Gen. (*Chas. West,* Atty. Gen., on the brief), for the State.

WILLIAMS, J.   This is an appeal from an order of the Corporation Commission which requires the appellant to stop its pas-

senger trains Nos. 111 and 112 (running between the points of
Oklahoma City and Atoka) on flag at Craig Switch; it being in
Pottawatomie county, about three miles west of Shawnee. Up to
the time of the erection of the state, said trains had been stopped
at said switch on flag, for the purpose of taking on and putting off
passengers. The community adjacent thereto is rich in agricul-
ture, and thickly populated. At a point between the switch and
Shawnee flows the North Canadian river, and at seasons during
the year said river becomes impassable on account of high water,
making it especially desirable to adjacent residents to travel to
Shawnee and Tecumseh, the county seat, by rail. In addition it
is about 25 miles from Oklahoma City, having about 65,000 in-
habitants, and being also the capital of the state. This switch
was constructed by the appellant to accommodate this community
in the shipping of car load lots of its agricultural products. Al-
though the appellant resisted this order by the introduction of
evidence on the hearing, no attempt was made to show that the
stopping of these trains on flag would operate in a pecuniary loss.
As this train had, prior to November 16, 1907, been stopping on
flag, it was reasonably within the power of appellant from its
records to show what the receipts were from such flag station.
This it failed to do. On that point, not only is the *prima facie*
presumption in favor of the finding of the Commission, but also
the presumption of fact, against appellant. *Missouri, K. & T. Ry.
Co. v. Ward,* 1 Ind. T. 670, 43 S. W. 954; *Moore v. Adams et al.,*
26 Okla. 48, 108 Pac. 392; *Atchison, Topeka & S. F. Ry. Co. v.
Davis & Young,* 26 Okla. 359, 109 Pac. 552; *M., K. & T. Ry. Co.
v. State,* 24 Okla. 331, 103 Pac. 613; *Lehman et al. v. Knapp et
al.,* 48 La. Ann. 1148, 20 South. 674.

The finding of the Commission recites that the stopping of
these trains on flag will not reasonably interfere with its connec-
tions at the junction points of Oklahoma City and Atoka. Such
finding is justified on the evidence contained in the record. The
trains in question are intrastate. That ordered stopped on flag,
in *State v. Railroad Commission* (Wash.) 110 Pac. 1081, also

seems to have been an intrastate train. In the opinion in that case it is said:

"Other orders of the Commission were to the effect that the north-bound forenoon train and the south-bound afternoon train should stop at Blue Creek on flag, and that the north-bound forenoon train should stop at Arden on flag. The order as to Blue Creek was reversed by the superior court, and is involved in the Commission's appeal; while the order as to Arden was affirmed by the superior court, and is involved in the railway company's appeal. We will notice these orders together, since we think they rest upon facts so near alike as to call for the same disposition. These towns are business centers of some considerable importance, each having approximately 200 or more inhabitants. They are situated in Stevens county south of Colville, which is the county seat of that county, and on the same line of railway. The stopping of these trains as ordered would enable the residents of these towns to visit their county seat, transact business therein, and return the same day, which otherwise they cannot do with the present train service. There is no doubt of the desirability of this proposed service, so far as public convenience is concerned, at those points. These trains are through trains, making connections with other lines at Spokane on the south, and also at other points on the north. The only reason seriously urged against the stopping of these trains as ordered is that it would tend to lengthen the running time of the trains, and that other small towns might demand similar service, and thus result in preventing the making of the connection as at present, thus inconveniencing the public more than this proposed service would benefit the public. It does not seem to us, however, that the evidence shows that these stops would result in breaking present connections, and we think we are not only called upon to consider the possible conflict between these proposed stops and the other service which might be directly affected thereby. When other stops of this nature directly affect other service, it will be time enough to consider their effect thereon. We cannot say that these orders of the Commission are so plainly unreasonable as to cause them to be subject to reversal by the courts. We therefore conclude that the judgment of the superior court reversing the order of the Commission as to Blue Creek should be reversed, and that the judgment of the superior court affirming the order of the Commission as to Arden should be affirmed."

See, also, *Atchison, T. & S. F. Ry. Co. v. State el al., infra,*

114 Pac. 721, and *Stepp et al. v. Wichita Falls & N. W. Ry. Co., infra,* 115 Pac. 1012, decided at this term.

We adhere to the rule laid down in *Atchison, Topeka & S. F. Ry Co. v. State et al.,* 23 Okla. 219 100 Pac. 11, 21 L. R. A. (N. S.) 908, that *"prima facie* just, reasonable, and correct, in section 22, art 9 (section 235, Bunn's Ed.; Snyder's Ed. p. 259) of the Constitution, is a presumption arising upon the finding of the Corporation Commission that the order based upon such facts is presumed on appeal in this court to be just, reasonable, and correct, subject to be overcome or rebutted by the facts in the record, as weighed and found by this court in reviewing the same." We conclude that such burden has not been discharged by the appellant, and the order of the Commission is therefore affirmed.

All the Justices concur.