## ST. LOUIS & S. F. R. CO. v. SMITH.

No. 2233.    Opinion Filed October 23, 1912.

(127 Pac. 479.)

**RAILROADS—Killing Stock—Evidence.**   Under the law in force in Indian Territory prior to statehood, where the evidence shows that three animals were killed by the defendant's train at the same place on different dates, where the track is straight in both directions from the scene of the killing for miles, and the circumstances are shown to be such that a reasonable inference of negligence upon the part of defendant arises therefrom, and no one saw the killing except defendant's servants, and defendant fails to introduce evidence solely in its possession, a judgment for the value of the animals will not be reversed.

(Syllabus by Brewer, C.)

*Error from McCurtain County Court;*
*T. J. Barnes, Judge.*

Action by T. W. Smith against the St. Louis & San Francisco Railroad Company.   Judgment for plaintiff, and defendant brings error.   Affirmed.

*W. F. Evans, R. A. Kleinschmidt,* and *E. H. Foster,* for plaintiff in error.

*R. C. Martin* and *Hosey & Leggett,* for defendant in error.

Opinion by BREWER, C.   This is a suit for damages growing out of the killing of a heifer, two yearlings, and two hogs. The animals were killed at various times during the year 1907, and before the erection of the state of Oklahoma.   At the close of the testimony, the defendant demurred to the evidence, also asked a peremptory instruction in its favor.

The only question alleged here for reversal is the alleged insufficiency of the evidence, and therefore the error of the court in not directing a verdict in defendant's favor.   We have gone over the record carefully, and have examined the evidence, and, while it is admitted that the evidence is meager, yet it is believed that there are reasonable inferences that may be legitimately

drawn from the evidence and circumstances shown tending to show a negligent killing. Plaintiff proved as to each animal, for which a recovery is sought, that he found it near the track cut and mangled in such a way as to leave no doubt but that it was killed by defendant's train. It is shown, at least, as to one of the animals, that portions of its carcass were found scattered along the track for a considerable distance. It is further shown that the track was straight for several miles in each direction from the scene of the killing; that each of the animals killed at different times during the year was struck at a road crossing at the little station of Duval.

The cause of action here sued on having arisen prior to statehood, the decisions controlling the courts of Indian Territory are binding and controlling in this case. It is true, as suggested above, that the evidence of negligence here is slight, but it is believed that reasonable men might differ as to the inferences to be drawn therefrom. No eye-witness saw the killing. No one knew the particular facts surrounding it but defendant's train crew. The information regarding it was possessed by defendant alone. If defendant exercised that degree of care which the law in force in the Indian Territory imposed upon it, it was certainly in a position to have shown it. It did not see proper to do so, but rested its case at the close of plaintiff's testimony.

This case, therefore, falls squarely within the rule announced in the case of *M., K. & T. Ry. Co. v. Ward,* reported in 1 Ind. T. 670, 43 S. W. 954, Indian Territory Court of Appeals, which was followed in *F. S. & W. Ry. Co. v. Benson,* 26 Okla. 246, 109 Pac. 77.

The case therefore should be affirmed under the doctrine of those decisions.

By the Court: It is so ordered.