## DICKINSON et al. v. STEWART.

No. 9407—Opinion Filed July 23, 1918.

(174 Pac. 233.)

### 1. Railroads—Injuries to Animals—Duty to Maintain Fence—"Station Grounds."

"Station grounds," prima facie, include all of the right of way unfenced between the switch and the cattle guard on either side of the platform with the switch and side tracks, unless they are shown to be unreasonable in extent.

### 2. Same—Burden of Proof.

The burden of showing the necessity of the designated or claimed station grounds is upon the company, and the jury or court trying the case is the judge thereof; and when the same is established, and there is no evidence reasonably tending to controvert the same, it is the duty of the court, if to it, to find for it, or if to the jury, to so instruct.

### 3. Same—Unfenced Station Grounds—Evidence.

Evidence in this case examined, and it is held that the same conclusively establishes that the grounds where the injury occurred to the cattle in question were of necessity being used by the company as a part of its station grounds, and it was the duty of the court under this evidence to so instruct the jury.

(Syllabus by Hooker, C.)

Error from District Court, Jefferson County; Cham Jones, Judge..

Action by Edward Stewart against J. M. Dickinson, as receiver of the Chicago, Rock Island & Pacific Raliway Company, and another. Judgment for plaintiff. and defendants bring error. Reversed and remanded.

R. J. Roberts, C. O. Blake, W! H. Moore, and John E. Du Mars, for plaintiffs in error.

Bridges & Vertrees, for defendant in error.

Opinion by HOOKER, C. This suit was instituted by Stewart against the company to recover damages for the death to one cow, and injury to another, which were struck and killed by one of the company's trains at Waurika, Okla., on the 24th day of June, 1915, and in the petition filed in this case it is alleged that the accident was due to the negligence of the company in failing to maintain and keep in repair its fence and cattle guards as required by law along and on its right of way and track where said cows were struck; the same being outside the city limits of the city of Waurika, and at a place where it was the duty of the company to erect, maintain, and keep in repair its fence and cattle guards. Rev. Laws 1910 provide as follows:

"Sec. 1435. It shall be the duty of every person or corporation owning or operating any railroad in the state of Oklahoma, to fence its road, except at public highways and station grounds, with a good and lawful fence."

"Sec. 1438. Whenever any railroad corporation or the lessee, person, company, or corporation operating any railroad, shall neglect to build and maintain such lawful fence, such railroad corporation, lessee, person, company, or corporation operating the same, shall be liable for all animals killed by reason of the failure to construct such fence."

The undisputed evidence here shows that the cattle in question were killed in the south yard, which yard was at the time being used by the railway company in making and breaking up trains, and for various services which were necessary at Waurika, as a joint terminal for the various divisions upon said road, and all of the evidence establishes that the yards were necessary for proper handling of the business of the station, which amounted to approximately 300 cars per day, and some months to as many as 10,000 cars. The undisputed evidence establishes that this place was a necessary part of the station facilities of the company at Waurika, and

it is the contention of the company that under the statute no duty was imposed upon it to fence it, or to maintain ' and keep in repair a fence along its right of way; that being true, that it is not liable for injury to stock which strayed upon its track, which were not seen by those in charge of the train in time to avoid injuring them. This court, in St. L. & S. F. R. Co. v. Brown, 32 Okla. 483, 122 Pac. 136, it is said:

"In an action against a railway company to recover for a cow, killed by its train at a place where the herd law is in force, it is error to instruct the jury that it is the duty of those operating its trains to keep a constant and proper lookout to discover cattle and other stock that may be on its track or in dangerous proximity thereto. In such cases, the duty of the defendant's employes is to exercise ordinary care to avoid injuring the animals after their peril is discovered."

And in said case it is further said:

"It is not shown by the record that either Marshall county, or that part thereof wherein the accident occurred, had been released from the operation of the statute (restraining stock from running at large) at the time of the killing of the cow of defendant in error; and we cannot indulge the presumption that it was, but, on the other hand, must conclude that this law was in force in Marshall county."

And in M., K. & T. Ry. Co. v. Savage, 32 Okla. 376, 122 Pac. 656, this court said:

"This court does not take judicial notice of an order of the county commissioners, * * * from the operation of the general law prohibiting animals from running at large. Where such exemption prevails, it is the duty of the party relying upon such fact to allege and prove same, in order to be relieved of the effect of the general statute."

Under article 3, c. 3, Rev. Laws 1910, all domestic animals are restrained from running at large. Such was the law at the time of the injury complained of here, and if under the provisions of that statute an exemption therefrom exists, it is the duty of the parties relying upon that fact to allege and prove the same in order to be relieved from the operation thereof. This not being done in this case, we must assume that the statute was in force. This court in the Brown Case, supra, said:

"Station grounds, prima facie, it has been said, include all the right of way left unfenced between the switches and cattle guards on either side of the platform with the switches and side tracks, unless they are shown to be unreasonable in extent."

And in A., T. & S. F. R. Co. v. McCall. 48 Okla. 602, 150 Pac. 173, it is said:

"We think the words 'station grounds,' 'switch limits,' 'depot grounds,' and such like, have the same general meaning, * * * and unless by specific statute or strict rule of construction are used meaning the same thing. * * * We think the onus of showing the necessity of the designated or claimed station ground was upon the defendant, and the jury or court trying the case is the judge thereof, but when proven, and there is no evidence reasonably tending to controvert the same, it is the duty of the court, if to it, to find for the defendant, or, if to a jury, to so instruct."

The evidence in this case conclusively establishes—in fact, it is undisputed—that the place where this injury occurred was a necessary part of the company's station ground, and under the authorities above cited it was the duty of the trial court to have so instructed the jury. This he did not do, although requested so to do by the plaintiff in error. But the trial court submitted the question to the jury, for the jury to say under the evidence whether or not the premises where the injury occurred was the necessary part of the company's station ground. This was error.

The defendant in error, however, seeks to avoid this conclusion upon the theory that, because the company had constructed a fence and had maintained the same along its right of way for some time previous thereto, it was liable if the fence became defective, and as a result thereof cattle strayed upon the track of the company. This language of the statute expressly excepts station grounds and highways, and, there being no mandatory duty resting upon the company by virtue of any statute to which our attention has been called to fence its right of way along its station **grounds**, we are unable to impose that burden, or to say that the company is liable if it fails to do that which the law does not require it to do. See C., R. I. & P. R. Co. v. Woodworth, 1 Ind. T. 20, 35 S. W. 238.

For the reason stated above, this cause is reversed and remanded for a new trial.

By the Court: It is so ordered.