## STEVENS, KENNERLY & SPRAGINS CO. v. DULANEY et al.

### No. 1501.   Opinion Filed March 12, 1912.

#### (122 Pac. 166.)

1. **APPEAL AND ERROR—Review—Questions Determinable.** On a transcript of the record of a case tried in the county court on appeal from a justice of the peace, where no objections were made or exceptions saved in the county court, the only questions presented to this court for review are, Did the trial court have jurisdiction to try the cause, and, if so, do the pleadings state facts sufficient to support the judgment rendered?

2. **SAME—Pleadings Before Justice—Presumptions.** Pleadings in causes originating in justices' courts must be liberally construed, and, when their sufficiency is raised for the first time in the Supreme Court, it will be presumed that what was defectively stated in the bill of particulars was sufficiently established on the trial.

(Syllabus by the Court.)

*Error from Jefferson County Court;*
*G. M. Bond, Judge.*

Action by the Stevens, Kennerly & Spragins Company against A. M. Dulaney and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*Thos. Norman,* for plaintiff in error.

*Bridges & Vertrees* and *Devereux & Hildreth,* for defendants in error.

KANE, J. This case is in all particulars the same as No. 1,493, *Stevens, Kennerly & Spragins Co. v. A. M. Dulaney and H. M. Dulaney, infra,* 122 Pac. 165, except that it was an action on an account, to which the defendants filed a counterclaim, upon which judgment was rendered in their favor before the justice of the peace and in the county court on appeal; so what is said here will apply also there. The records in both cases show that upon appeal, the plaintiff having failed to appear at the time

said cause was set for trial, the defendants demanded a trial and a jury was duly impaneled to try same, and upon the evidence offered by the defendants and the cause being submitted to the jury, under instructions of the court, a judgment was rendered in favor of the defendants, and against the plaintiff. Whereupon plaintiff filed its motion in the county court for a new trial, which motion being overruled it saved its exceptions, and took time to make and serve a case 'for the Supreme Court, but abandoned the idea of bringing the cause to this court by case-made, and has filed its petition in error and transcript. Under such circumstances, the only question which may be reviewed by this court is whether the transcript discloses that the court below had jurisdiction to try the cause, and, if so, did the answer and counterclaim filed by the defendants state facts sufficient to support the judgment rendered. There was no objection made or exception saved to any of the pleadings either before the justice or in the county court. It has been held by this court that:

"Very liberal rules of construction should be applied to pleadings in a justice of the peace court, and technical objections will not be allowed to reverse the judgment where it is apparent from an examination of the entire record that no substantial right of the party raising the objection could have been affected by the ruling, and where a reversal on that ground would tend to defeat the ends of justice." (*Holden v. Lynn,* 30 Okla. 663, 120 Pac. 246.)

A case more specifically in point is *Kaub v. Mitchell et al.,* 12 Kan. 57, wherein it was said:

"No question was raised in the justice's court as to the sufficiency of this bill of particulars. Hence, if, by a very liberal construction, said bill can be construed to state a cause of action, neither the district court nor this court should disturb the judgment founded thereon. We think the bill of particulars, if construed liberally, states a cause of action. It must be admitted that the cause of action is not very intelligently or intelligibly stated; but the proper place to raise the question of the sufficiency of the bill of particulars was in the justice's court."

To the same effect is *Gosett v. Patten,* 23 Kan. 340, where Mr. Justice Valentine, who delivered the opinion for the court, said:

"We do not think, however, that the bill of particulars is fatally defective in these respects, and especially not after verdict and judgment in favor of the plaintiff; and, when the question is raised for the first time in the Supreme Court, it will be presumed that what was defectively stated in the bill of particulars was sufficiently proved on the trial, and, as all lawyers know, strict formal pleadings are not required in a justice's court."

The judgment of the court below must be affirmed.

TURNER, C. J., and HAYES and DUNN, JJ., concur; WILLIAMS, J., absent, and not participating.