## ST. LOUIS & S. F. R. CO. v. FLING.

No. 2193.    Opinion Filed October 23, 1912.

(127 Pac. 473.)

1.  **RAILROADS—Injury to Animals on Track—Evidence of Damages.** Evidence examined, and held sufficient to show a negligent killing of the animals by the railroad company; also, that there was sufficient competent evidence of market value.

2.  **TRIAL—Exceptions to Charge—Time of Taking.** After the instructions have been read to the jury, the arguments of counsel made, and the cause finally submitted to the jury for decision, objections and exceptions to the charge of the court come too late.

(Syllabus by Brewer, C.)

*Error from District Court, Craig County;*
*T. L. Brown, Judge.*

Action by George Fling against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*W. T. Evans, R. A. Kleinschmidt,* and *W. H. Cloud,* for plaintiff in error.

*John J. Hubbard* and *James S. Davenport,* for defendant in error.

Opinion by BREWER, C. This is a suit for killing one horse and injuring another. The defendant in error, Geo. Fling, filed this suit on the 20th day of September, 1907, in the United States Court for the Northern District of Indian Territory. It was tried after statehood in the district court of Craig county, and resulted in a judgment for the plaintiff in the sum of $200. The defendant below alleges error as follows: (1) That there is not sufficient evidence of negligence to sustain the verdict and judgment; (2) that there is no competent proof of the market value of the animals; (3) that the instructions of the court on the measure of damages were erroneous.

On this point we cannot agree with counsel for the defendant that there was no evidence of negligence. The proof shows

that these animals were injured, one being killed and the other crippled so as to render it worthless, just at the edge of the switch yards in the town of Afton. There is proof that the injury occurred within 2,000 feet of the station; that the train that caused the injury was a freight train of 27 cars, engine, tender, and caboose, making the length of the train in the neighborhood of 1,100 feet. This train came to a stop at Afton, and as it was pulling out, and before it could have gone two full train lengths, these horses came up a path onto a high embankment a considerable distance in front of the engine, and ran slowly down the embankment in front of the engine, with the alarm whistle being often sounded, for 125 to 135 yards, where they were run onto a bridge and injured. The railroad embankment along at this place was high and steep. The track from the station to the bridge was straight, the view unobstructed, and either level or slightly up grade. The evidence shows that the train was not moving rapidly, and, indeed, it could hardly have attained any considerable speed in so short a distance. Taking into consideration all the circumstances, the slow speed at which the train was moving, the unobstructed view, the fact that the animals were seen in front of the engine, and the distance they were run before they were struck, the character of the embankment, and the knowledge of the engineer of the location of the bridge, we cannot say as a matter of law that there was not sufficient proof of negligence upon the part of the defendant to justify the court in submitting the question to the jury. *M., K. & T. Ry. Co. v. Ward*, 1 Ind. T. 670, 43 S. W. 954; *Ft. S. & W. Ry. Co. v. Benson*, 26 Okla. 246, 109 Pac. 77.

2. A point is next made by the defendant that there was no competent proof of the market value of the animals; that is to say, that the witnesses who testified on this question were not technically shown to be qualified to speak thereon. To support this contention counsel have quoted much of the testimony of several of the witnesses on the question of value, but have overlooked some of the testimony on this subject. It is true that considerable of the testimony relative to values does not measure up to the well-established rules relative to this character of testi-

mony; but we find that at least one witness was shown to be qualified to speak as to values, and did speak thereon, and we have no doubt but that a careful examination of the record shows that there was sufficient competent proof on this question to support the verdict in the case.

3. The defendant complains of only one of the series of instructions given, and that has not been brought before this court in such a manner as to justify its consideration. It appears that the only exceptions taken to the charge of the court were taken after the jury had been instructed, the arguments concluded, and the cause finally submitted to the jury. No exceptions appear to have been noted on the instructions at all. The stenographer's notes brought into the case-made show how the exceptions were taken:

"By Mr. Cloud (after the argument of counsel to the jury and after the retirement of the jury to consider of their verdict): Comes now the defendant, and objects to the giving of instruction No. 1— By Mr. Davenport: I object now to his taking exceptions to the instructions after the jury has retired to consider of their verdict. By the Court: Overruled. By Mr. Davenport: We will except. By Mr. Cloud: The same objections as to instructions Nos. 2 and 7, and the same objection as to instruction No. 8. By the Court: The objections are overruled. By Mr. Cloud: Note the exception by the defendant. By Mr. Davenport: I want to move to strike from the record all objections, * * * because the case had been closed and the jury retired about twenty minutes after twelve and have been out more than two hours, when counsel for defendant takes his exceptions to the instructions of the court."

This was not sufficient to save exceptions to the instructions of the court. If his charge was inaccurate on the measure of damage, and his attention had been called to it by counsel, and a proper exception taken before the case was submitted to the jury, it is probable the same would have been corrected.

A reading of the entire record convinces us that the verdict was just, and that no substantial error was committed by the trial court, and that the cause should be affirmed.

By the Court: It is so ordered.