## ELSEA BROS. v. KILLIAN.

No. 2634.    Opinion Filed May 20, 1913.

(132 Pac. 686.)

1.    JUSTICES OF THE PEACE—Review—Reversal. Liberal rules of construction will be applied to pleadings in a justice of the peace court; and judgments of such courts will not be reversed upon mere technical objections, unless it is apparent, from an examination of the entire record, that the substantial rights of the party raising the objection have been affected by the ruling of the trial court, and the ends of justice will be defeated without a reversal of the cause.

2. **SAME—Appeal — Sufficiency of Pleading.** A pleading that is sufficient in a justice court is sufficient in the appellate court where the cause is triable de novo.

3. **APPEAL AND ERROR — Exceptions — Motion for New Trial.** Errors occurring at the trial must be excepted to at the time and presented in a motion for a new trial before they can be considered on appeal.

(Syllabus by the Court.)

### Error from County Court, Greer County; Jarret Todd, Judge.

Action by T. A. Killian against Elsea Bros. Judgment for plaintiff in a justice court. Demurrer to plaintiff's petition was overruled in the county court on appeal, and defendants bring error. Affirmed.

*C. C. Wells,* for plaintiffs in error.
*Thacker & Thacker,* for defendant in error.

HAYES, C. J. This action originated in one of the justice courts of Greer county. Defendant in error was plaintiff in that court, and plaintiffs in error were defendants, and will hereafter be referred to respectively as plaintiff and defendants. After answer filed by defendants to plaintiff's petition in the justice court and reply thereto by plaintiff, the trial followed, resulting in a judgment, from which appeal was taken to the county court. In the county court defendants interposed a demurrer to plaintiff's petition, which was overruled, and this action of the court constitutes the first assignment of error urged for reversal of the cause.

Plaintiff alleges in his petition that defendants, who constitute a copartnership, received from Union Central Life Insurance Company, a corporation, for plaintiff the sum of $158; that they have converted said amount to their own use and benefit; that they are liable to plaintiff for said sum, with interest, and he prays for judgment in that amount, with interest.

We think the facts alleged, which are substantially stated above, are sufficient to inform defendants of the nature of the claim plaintiff attempted to assert against them, and is sufficient to constitute a good bill of particulars in a justice court.

Very liberal rules of construction are applied to pleadings in a justice of the peace court; and judgments of such courts will not be reversed upon technical objections, unless it is apparent from an examination of the entire record that the substantial rights of the party raising the objection have been affected by the ruling of the trial court, and without a reversal the ends of justice will be defeated. *Patten v. Cagel,* 32 Okla. 499, 122 Pac. 154; *Holden v. Lynn,* 30 Okla. 663, 120 Pac. 246, 38 L. R. A. (N. S.) 239; *Stevens, Kennerly & Spragins Co. v. Dulaney et al.,* 31 Okla. 608, 122 Pac. 166. No question was raised in the justice court as to the sufficiency of the bill of particulars. The cause of action, it is true, is not very intelligibly stated in the bill of particulars, as good pleading would require; but, so far as the record appears, it was sufficient to inform defendants of the nature of evidence that would be necessary to defeat plaintiff's claim; and the proper place to raise the sufficiency of the bill of particulars was in the justice court. *Stevens, Kennerly & Spragins Co. v. Dulaney et al., supra.*

A pleading that is sufficient in a justice court is sufficient in the appellate court, where the cause is tried *de novo* on appeal. *Garvin v. Harrell,* 27 Okla. 373, 113 Pac. 186, 35 L. R. A. (N. S.) 862, Ann. Cas. 1912B, 744.

The only other assignment presented in the brief complains of the action of the court in overruling a demurrer to plaintiff's evidence; but this contention cannot be considered, for the reason that no exception was taken to the ruling of the court on such demurrer.

Errors occuring at the trial must be excepted to at the time and presented in a motion for a new trial before they can be presented for review on appeal to this court. *Ahern, etc.,*

*Co. v. Condon,* 23 Okla. 365, 100 Pac. 556; *Stark Bros. v. Glaser,* 19 Okla. 502, 91 Pac. 1040.

There being no error requiring a reversal of the cause, the judgment of the trial court is affirmed.

All the Justices concur, except DUNN, J., not participating.