## CHEROKEE GRAIN CO. v. ELK CITY FLOUR MILLS CO.

No. 9508—Opinion Filed March 23, 1920.

Rehearing Denied April 20, 1920.

(Syllabus by the Court.)

**1. Customs and Usages—Evidence to Explain Contract.**

Customs or usages may properly be received to ascertain and explain the meaning and intention of the parties to a contract, whether written or parol, the meaning of which could not be ascertained without the aid of such extrinsic evidence, where the parties knew of the existence of the custom or usage, and contracted in reference to it.

**2. Same.**

Parties who contract on a subject matter concerning which known usages prevail, by implication incorporate them into their agreements, if nothing is said to the contrary.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by the Elk City Flour Mills Company against the Cherokee Grain Company. Judgment for plaintiff, and defendant brings error. Affirmed.

A. F. Decker, for plaintiff in error.

Oliver C. Black, for defendant in error.

RAINEY, J. This action was instituted in the district court of Oklahoma county by the Elk City Flour Mills Company, as plaintiff, against the Cherokee Grain Company, as defendant, for the breach of a contract for the sale of wheat. For first cause of action the plaintiff alleged in its petition that on October 13, 1916, the defendant called it over long-distance telephone and offered and proposed to sell it, and did sell it, 5,000 bushels of No. 2 old wheat at $1.61 per bushel, to be delivered by defendant, basis Galveston, Texas, shipment to be made within ten days, and that on said date the defendant confirmed the conversation by wire and also by a letter

of confirmation. Plaintiff further alleged that the defendant refused to deliver the grain in accordance with the contract, and that it was compelled to go into the open market and purchase the wheat at a loss. Plaintiff's second cause of action, as pleaded, was practically identical with its first, with the exception of the date of the purchase. After demurrers to plaintiff's amended petition were overruled, defendant filed an answer denying that it had any contract with the plaintiff. By agreement a jury was waived and the cause was tried to the court, resulting in a judgment for the plaintiff in the sum of $1,300. To reverse this judgment, this proceeding in error was commenced.

The evidence shows that plaintiff and defendant each confirmed the sale by sending the other a letter of confirmation.

It is agreed by counsel for plaintiff and counsel for defendant that plaintiff attempted to buy wheat from defendant, and that defendant attempted to sell the wheat to the plaintiff, and the whole controversy turns up on whether the written confirmations constitute a contract between the parties, it being the contention of the defendant that there is a material difference in the confirmations, and that on account of the misunderstanding there was no meeting of the minds. Counsel for defendant bases his argument for reversal of the judgment solely on the legal principle that the offer of a seller must be accepted by the purchaser unconditionally and without variance, and that in order to effect a contract there must be mutual assent or the parties to the same thing, in the same sense, and cites in support thereof Gray v. Lynn (Ga.) 77 S. E. 156; 9 Cyc. 248, 265, 267, 290.

While counsel for defendant asserts that the confirmations are entirely dissimilar, and attempts to point out the dissimilarity, we have been unable to perceive any substantial and material difference therein. While the wording of the printed matter in the confirmations is not exactly the same, it clearly appears from both confirmations that the Cherokee Grain Company sold the plaintiff 5,000 bushels of No. 2 old wheat at $1.61 per bushel, basis at the track Galveston, to be shipped within ten days, and that the plaintiff bought from the defendant 5,000 bushels of old wheat, grade No. 2, price $1.61, basis delivered Galveston, time of shipment ten days. But if it be assumed, for the purposes of this case, that there was some dissimilarity in the confirmations, defendant is not entitled to a reversal of the judgment. It is shown by the evidence that both plaintiff and defendant were members of the Oklahoma Grain Dealers' Association and were familiar with and bound by the rules of said association. It was testified to by a number of witnesses, including some officers of the association, that where a sale of grain is made over the telephone and confirmation letters are sent by both purchaser and seller on the same date of the sale and where the confirmations are identical as to the quantity, grade, kind of grain, price, destination, weight, and time of shipment, but where there is a dissimilarity in the printed matter at the bottom of the contracts, and where it is further shown that no objection was made by either party, under the rules of the association the purchaser's confirmation has precedence and controls. Under these circumstances this case comes within the rule announced in the cases of Robinson v. United States. 80 U. S. (13 Wall.) 363, 366, 20 L. Ed. 653; Strong v. Ringle, 76 Kan. 573, 152 Pac. 631; McSherry v. Blanchfield, 68 Kan. 310, 75 Pac. 121; Atkinson v. Kirkpatrick, 90 Kan. 515, 135 Pac. 579. In the first-named case the Supreme Court of the United States, in the syllabus held as follows:

"1. Custom or usage may properly be received to ascertain and explain the meaning and intention of the parties to a contract, whether written or parol, the meaning of which would not be ascertained without the aid of such extrinsic evidence, where the parties knew of the existence of the custom or usage, and contracted in reference to it.

"2. Parties who contract on a subject-matter concerning which known usages prevail, by implication incorporate them into their agreements, if nothing is said to the contrary."

The evidence in this case shows that after this contract was entered into the price of wheat materially advanced; but for which fact it is doubtful whether this controversy would have arisen.

Finding no reversible error in the record, the judgment is affirmed.

OWEN, C. J., and KANE, PITCHFORD, JOHNSON, HIGGINS, and BAILEY. JJ., concur.