**WALLACE v. MERFELD et al.**

No. 12160—Opinion Filed Oct. 23, 1923.

(Syllabus.)

**1. Appeal and Error—Discretionary Rulings—Filing Pleadings Out of Time — Judgment on Pleadings.**

The filing of the reply out of time is within the discretion of the trial court, and his action in permitting the same to be filed will not be disturbed on appeal unless there was an abuse of discretion, and, where a motion for judgment on the pleadings is filed on the ground that no reply had been filed and before the motion was passed on a reply was filed with permission of the trial court, the motion for judgment on the pleading was properly overruled.

**2. Trial—Demurrer to Evidence — When Overruled.**

Where the evidence of the plaintiff reasonably tends to support plaintiff's cause of action, a demurrer to the evidence should be overruled.

**3. Trial—Requested Instructions—Refusal.**

Courts are not required to give instructions which necessitate qualification or modification; but, if the instruction is not good as requested, it is not error to refuse to give the same.

**4. Appeal and Error—Necessity for Exceptions—Instructions.**

This court will not review alleged error in the giving of instructions where no exceptions were taken to the instructions at the time the same were given.

Error from District Court, Nowata County; C. W. Mason, Judge.

Action by J. H. Merfeld and others against Fred Wallace. Judgment for plaintiffs, and defendant brings error. Affirmed.

Wm. S. Hamilton and John F. Pendleton, for plaintiff in error.

J. Wood Glass and Floyd A. Calvert, for defendants in error.

COCHRAN, J. This action was commenced by the defendants in error against the plaintiff in error to recover the sum of $385.65 as the unpaid portion of the purchase price of certain cattle. The parties will be hereinafter referred to as plaintiffs and defendant, as they appeared in the trial court. Upon a trial of the case judgment was rendered for the plaintiffs, from which defendant has appealed.

The defendant filed an answer containing allegations requiring a reply, and, the reply not having been filed within the time required by law, the defendant filed a motion for judgment on the pleadings. Before the motion was heard, the plaintiffs, with permission of the court, filed a reply, and thereupon the motion for judgment on the pleading was overruled.

The defendant contends that the court erred in refusing to sustain the motion for judgment on the pleadings. The matter of allowing a reply to be filed out of time is within the discretion of the trial court, and

unless there is an abuse of discretion, the action of the trial court will not be disturbed on appeal. If the reply was properly filed, the defendant was not entitled to judgment on the pleadings. There is nothing in this case to indicate an abuse of discretion on the part of the trial court in permitting the reply to be filed out of time.

It is next contended that the court erred in overruling defendant's demurrer to plaintiffs' testimony. It was the contention of the plaintiffs that the defendant purchased from the plaintiffs a carload of cattle on the 1st day of May, 1918, at an agreed price of 9c per lb. and that the defendant received and paid for five head of the cattle on that day; that on the 30th day of May, 1918, he received ten head of cattle and paid for the same by delivering to the plaintiffs two checks; that one of these checks was not paid and this suit was brought for that portion of the purchase price of the cattle represented by the unpaid check.

An examination of the record discloses that the testimony of the plaintiffs reasonably tends to support the allegation of plaintiffs' petition and is sufficient to support the verdict rendered thereon. In these circumstances, the demurrer to plaintiffs' evidence was properly overruled.

The defendant complains of the refusal to give his requested instruction No. 1. In this instruction the defendant requested the court to instruct the jury that there could not have been a contract between the plaintiffs and defendant for the sale and purchase of more than $50 worth of cattle, unless the said contract or some memorandum thereof was reduced to writing and signed by the plaintiffs and the defendant. This instruction was properly refused because, although containing a statement of a portion of subdivision 4 of section 5034, Comp. Stat. 1921, dealing with the statute of fraud, it was not a full statement of the law therein contained, in that under the express provision of that statute verbal contracts of this character are taken out of the statute of frauds where the buyer accepts and receives a part of the goods and chattels; and when the requested instruction is not good as requested, but a qualification or modification thereof is necessary, it is not error to refuse to give the same. Fulsom-Morris Coal & Mining Co. v. Mitchell, 37 Okla. 575, 132 Pac. 1103.

The defendant complains of the giving of instruction No. 2, but it appears that no exception was saved to the giving of this instruction, and the alleged error will therefore not be reviewed. St. L. & S. F. R. Co. v. Fling, 36 Okla. 25, 127 Pac. 473.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, KENNAMER, and NICHOLSON, JJ., concur. MASON, J., disqualified and not participating.