## SECURITY BENEFIT ASSOCIATION v. LLOYD et al.

No. 12431—Opinion Filed Jan. 15, 1924.

### 1. Appeal and Error—Exceptions—Necessity.

Errors alleged to have occurred in the lower court, unless the same are excepted to, will not be considered on appeal in the Supreme Court.

### 2. Same—Insufficiency of Exceptions to Instructions.

In order to have instructions reviewed on appeal it is necessary to except thereto and have such exception signed by the trial judge. Exceptions taken to written instructions after the jury returns into open court with the verdict and in the following form: "If the court please, the defendant objects and excepts to each and all the instructions separately, and at this time, the defendant files its motion for new trial, and would ask that the court pass on it at this time, that we might make up our record." are not timely and are too general and not sufficient, under section 542, Comp. Stat. 1921, to bring before this court for review any particular instruction.

### 3. Disposition of Case.

Record examined, and held, that the verdict and judgment in favor of plaintiffs on their theory of full compliance on their part with the contract sued upon, are not contrary to the evidence.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Logan County; Arthur R. Swank, Judge.

Action by Hattie Lloyd and Frank Lloyd against the Security Benefit Association, Successors, etc., on insurance certificate. Judgment for plaintiffs, and defendant appeals. Affirmed.

Fred W. Green, for plaintiff in error.

Dale & Bierer, for defendants in error.

Opinion by ESTES, C. Hattie Lloyd and Frank Lloyd, defendants in error, as plaintiffs, sued the Security Benefit Association, successors to the National Council of the Knights & Ladies of Security, plaintiff in error, as defendant in the district court of Logan county. Parties will be referred to as they appeared in the district court. Plaintiffs were the father and mother of Clarence R. Lloyd. Defendant was a fraternal benefit society maintaining a local lodge or council at Guthrie. In February, 1918, said Clarence became a member of said society and of the local council under the usual certificate and Constitution and by-laws of the defendant. He departed this life in Guthrie the 6th day of June, 1920,

and under the terms of his certificate, plaintiffs, as his beneficiaries, sued defendant in November, 1920, for $952.30 as due thereon. The suit of plaintiffs was on the theory that the said Clarence had complied on his part, with all the terms of his contract, including the payment of all assessments and local lodge dues. Defendant's answer set up certain provisions of the Constitution and by-laws—that the assessments for each month should become due and payable on the first day of the month and that the member should stand suspended, without notice, for nonpayment of same on or before the last day of the month; that when suspended, a member could be reinstated within 60 days by payment of all arrearages of every kind, provided that he be in good health at the time of making such payment; that such payment was a warranty of such member that he was in good health at the time; that the receipt and retention of such payment for such reinstatement should not have the effect of reinstating such member or entitling him, or his beneficiaries, to any rights under his certificate in case the suspended member was not in good health; that the receipt of such payment for reinstatement by the financier, the agent of defendant in the local council, should not operate in any case as a waiver by the defendant of any of the provisions of the certificate, or Constitution and by-laws. Defendant also alleged that said Clarence had been suspended from the society for nonpayment of dues or assessments for the month of March, 1920; that although all payments had been made to the date of the death of the said Clarence, the said March payment had not been made until the following month of April; that he was sick of tuberculosis, and not in good health at the time such payment for March was made, and died in June of said disease; that said Clarence having been suspended for nonpayment of his March dues, under said Constitution and by-laws, defendant did not waive the forfeiture thereby occurring, by receiving his March dues in April, and denied any liability. Plaintiffs filed reply of general denial as to all matters inconsistent with their petition. On the verdict of the jury, judgment was for the plaintiffs for the aforesaid amount, from which judgment defendant appeals.

1. At the opening of the trial, under the issues thus joined, defendant requested the right to submit its evidence first and to open and close the argument. This was denied by the court and is assigned here as the first error. The action of the court in this behalf cannot be reviewed here because the record shows that no exception thereto

was taken by the defendant. Errors alleged to have occurred in the lower court, unless the same are excepted to, will not be considered on appeal to the Supreme Court. New et al. v. Elliott, 88 Okla. 126, 211 Pac. 1025; Elsea Bros. v. Killian, 38 Okla. 174, 132 Pac. 686.

2. Defendant also assigns error in the giving of certian instructions and refusal to give others at the request of defendant. The record fails to disclose that any objection or exception was taken or saved to the refusal of the court to give the instructions requested by defendant. As to the instructions given, and of which complaint is made, the record shows that after the jury returned into court with the verdict, the attorney for defendant made the following record:

"If the court please, the defendant objects and excepts to each and all the instructions separately, and at this time, the defendant files its motion for new trial, and would ask that the court pass on it at this time, that we might make up our record."

There being no other objections or exceptions saved, this court is powerless to consider this assignment of error. The foregoing was neither timely nor sufficient as a reservation of exceptions to any particular instruction given by the court. The statute provides that, "It shall be sufficient to write at the close of each instruction, 'refused and excepted to,' or 'given and excepted to,' which shall be signed by the judge." There was no exception taken at the close of each instruction, or any one of them, and the attempted exception made by defendant was not signed by the trial judge. See Alva Roller Mills v. Simmons, 74 Oklahoma, 185 Pac. 76, and Eismunger v. Beman, 32 Okla. 818, 124 Pac. 289, and other cases therein cited.

3. It is next contended that the verdict and judgment are contrary to the evidence. Defendant claims that there was no conflict in the evidence as to the suspension of said Clarence and as to the date when the March payment was made. It seems that Jessie Lloyd, a sister of said Clarence, also held a certificate in and was a member of defendant society. She testified as follows:

"Q. I will ask you if you paid the dues for Clarence for the month of March? A. Yes, sir. Q. At what time were they paid, with reference to time yours was paid for the month of March? A. I left the money there on the 25th of March. Q. For the payment of Clarence's dues? A. Yes, sir. Q. And for the payment of your dues at the same time? A. Yes, sir. Q. Left them there, both at the same time? A. Yes, sir. Q. With whom did you leave the money there? A. One of the little girls, but which one, I don't know. Q. Did you ever see these two receipts afterwards? A. Not until after his death."

The financier of the local council of the defendant society was Mrs. Hewes, the mother of the children referred to. She testified:

"Q. How many children have you? A. Four. Q. What are their ages? A. The boy is 15, the girl is 13, and another girl 9 and a girl 11. Q. Were they in the habit of making collections of money for you as Financier of the council? A. I was home most of the time, but if anybody stopped in and wanted to leave the money, they did. There was some left the money."

The said Clarence became a member of defendant society in 1918. He did not become afflicted with tuberculosis until the latter part of 1919. He was very ill in March, 1920, and this fact was known to the local financier, who lived near the Lloyd home in Guthrie. Sickness of the insured is a strong stimulus to the prompt payment of premiums and assessments on life insurance. No doubt the jury considered this and other circumstances of the case as corroborating the testimony of Jessie Lloyd that she left the money for the payment of Clarence's dues with one of the little daughters of the financier for the payment of said March dues on the 25th of that month. The records and testimony of the local financier showed that such March payment was not made until some time in April. In any event, there is a conflict in the evidence in this behalf, and there is thus substantial evidence to support the verdict of the jury on the pleadings and theory of the plaintiffs' that said Clarence complied with the terms of his certificate and was not suspended. Under the well known rules of this court, said verdict and judgment cannot be disturbed as being contrary to the evidence.

Defendant also complains of the admission of evidence on behalf of plaintiffs to the effect that Jessie Lloyd had left money with the local financier on other occasions, to pay her own and the assessments of said Clarence for the reason that the plaintiffs had not specifically pleaded in their petition, or their reply, a waiver of the forfeiture. This evidence was competent under the main issue as tending to show that there was, or should have been, no suspension of the said Clarence from the said society. 32 C. J. 161. Counsel for defendant cite very reputable authority outside of this jurisdiction to the point that a member of a mutual benefit association cannot effect his reinstatement by paying dues when he is ill, although the local lodge makes

no objection, where the rules of the order allow reinstatment only if the applicant is in good health, and makes the payment of arrears a warranty of good health. Counsel for plaintiffs contend that the rule is otherwise in this jurisdiction, and cite Modern Brotherhood of America Lodge v. Bailey, 50 Okla. 54, 150 Pac. 673 and later decisions of this court thereto. Plaintiffs also contend in Milwaukee Mechanics' Ins. Co. et al. v. Sewell et al., 50 Okla. 151, 168 Pac. 660, that defendant herein pleaded facts amounting to a waiver of the said condition in the certificate and thereby cured the failure of the plaintiffs to plead such waiver. Under the views hereinbefore expressed it is unnecessary to discuss this branch of the case or to pass upon these contentions. The trial court did give certain instructions on the waiver of forfeiture and refused to give certain instructions thereon requested by defendant. This was according to the theory of defendant. Defendant is not in position to urge error on this branch of the case for the reasons stated herein.

Let the judgment of the trial court be affirmed.

By the Court: It is so ordered.