## HARRELL v. DUTTON.

No. 14995—Opinion Filed Dec. 23, 1924.

**1. Appeal and Error—Record—Review of Instructions.**

The Supreme Court will not review an instruction where the exception thereto does not appear in the record. Shuler v. Collins, 40 Okla. 126, 136 Pac. 725.

**2. Carriers—Liability of Transfer Man for Loss of Baggage—Effect of Delivery at Depot Platform.**

Where the evidence shows that it was customary for the transfer man to deliver baggage committed to his care upon the open platform of railroad company's depot and it was customary for the railroad company's employes to receive the baggage on said platform, such evidence is not sufficient to authorize the court to give a requested instruction to the effect that if the defendant deposited the baggage on the platform, where it was the custom to deliver the same, he had performed his duty.

**3. Same—Recovery of Damages Sustained.**

The evidence examined, and held, sufficient to sustain the judgment.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by Ed Dutton against G. C. Harrell for damages for loss of a trunk in transferring the same from the Frisco Depot to Rock Island depot. Judgment for plaintiff, and defendant appeals. Affirmed.

Lillard & Edwards, for plaintiff in error.

Homer S. Hurst and Wm. Pfeiffer, for defendant in error.

Opinion by THREADGILL, C. Plaintiff in error complains of the following instruction given in the general charge of the court to the jury:

"You are instructed that if you should find and believe from a preponderance of the evidence that defendant, through his agents and servants, undertook to and did deliver said trunk in question to the Rock Island depot, then you are instructed that it was the duty of the defendant, his agents and servants, at the time of the delivery of said trunk to said depot, to use ordinary care in protecting said baggage, by delivering it in a safe and suitable place."

This instruction was based upon the issue as to whether or not the defendant had performed his duty as a bailee for hire in transferring and delivering the trunk in controversy from the Frisco depot in Oklahoma City to the Rock Island depot.

The record discloses that there was no exception to this instruction when given, and no objection raised to it by motion for new trial, and for these reasons the plaintiff in error is not in a position to complain on appeal. Wayne Oil Tank Co. v. First National Bank, 96 Okla. 290, 222 Pac. 509; Shuler et ux. v. Collins, 40 Okla. 126, 136 Pac. 752; Security Benefit Association v. Lloyd, 97 Okla. 39, 222 Pac. 544; Bales v. Breedlove, 96 Okla. 280, 222 Pac. 542.

2. Plaintiff in error contends that the court committed error in refusing to submit to the jury his requested instruction as follows:

"You are instructed that if you find from the evidence that the defendant received from plaintiff the trunk in question, and if you further find by a fair preponderance of the evidence that the defendant placed the same upon the dock of the Rock Island Railway Company in said Oklahoma City, and you further find by a fair preponderance of the evidence that such dock was the usual place for receiving such baggage, and that it is the customary manner of delivering baggage to said railway company, you will find for the defendant."

Plaintiff in error contends that this instruction should have been given, because the question of custom was involved in the issue; that is, that the testimony tended to prove it was customary for men who haul baggage, in delivering it to the Rock Island passenger depot, to place it on the "dock" or platform adjacent to the baggage room, and leave it there, whether there was any one present to receive it or not.

We have examined the record to find this issue, and it appears that there was no such issue as this in the pleadings. The petition charged that plaintiff employed defendant to transfer and deliver his trunk from the Frisco depot to the Rock Island depot, and defendant failed to make the delivery and by the carelessness of the defendant the trunk was lost, resulting in the damages complained of.

The answer of the defendant was a general denial. The testimony of defendant's employe, who hauled the trunk from the Frisco depot, was that he delivered the same to the Rock Island depot by placing it on the "dock" or platform being the place where baggage was placed and where it was received by the agent of the company. He further stated there was no one there to receive the trunk at the time he placed it on the dock. He did not turn it over to any person; just placed it on the platform and left it there. It was very early in the morning, about 6:30 or 7:00 o'clock. There was other testimony tending to show that it was customary to leave baggage on this platform to be taken possession of by the railroad company, but the same was not sufficient to show that this custom prevailed apart from the presence of some agent of the railroad company to take possession of the same. Nor do we think such a custom could be proven and made binding upon the public without a showing that this platform or dock was a reasonably safe place to deposit baggage, nor do the cases cited by the plaintiff in error to sustain his contention as to custom, show anything to the contrary of this holding. The testimony did not show this place to be a reasonably safe place without the presence of some one to take the oversight of the baggage deposited. It was an open platform exposed to the great outside accessible to all persons, good or bad, and it would be unreasonable to say that a person contracting to transfer and deliver baggage to the railroad company and being a bailee for hire under section 5206, Comp. Stats. 1921, could place his charge upon this open platform at any time, night or day, whether any official of the railroad company was present or not to take charge of it, and absolve himself from all liability on the ground that it was customary to do so.

We do not think this issue was raised by the record and we do not think that the court committed any error in refusing to give the requested instruction.

3. In the third place, plaintiff in error contends that the evidence was not sufficient to sustain the verdict of the judgment. On this point, it is admitted that defendant in error employed plaintiff in error and paid him to transfer his trunk from the Frisco depot to the Rock Island depot in Oklahoma City; that defendant in error was making a journey, and, a short time after the agreement, went to the Rock Island depot, bought a ticket, and tried to find his trunk to check it and failed to find it. The railroad had no record of it, and it was not found in its possession. The trunk was delivered by plaintiff in error's employe, by placing it on the open platform, adjacent to the baggage room, about 6:30 or 7 o'clock a. m., without any person of the railroad company to receive the same. And the question is, Was this evidence sufficient to show that the defendant was negligent in placing the trunk on this platform without any one to receive it for the railroad and protect the property against accidents on this unguarded platform? We think it is, and the judgment should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. § 818; (2) 10 C. J. §364; (3) 10 C. J. § 600.