## KEATON v. TAYLOR et al.

No. 15679—Opinion Filed Jan. 19, 1926.

Rehearing Denied March 23, 1926.

(Syllabus.)

1. **Process—Service — Validity of Alias Summons.**

Summons was issued, but was returned to the clerk's office without the return being

filled out in any manner. Motion to quash was filed; while this was pending an alias summons was issued and personal service made. A motion to quash the alias summons was filed on the ground that it had been improperly issued. Held, that the original summons, in so far as service was concerned, was a nullity, and that there was valid service by the alias summons.

**2. Trial—Demurrer to Plaintiff's Evidence —When Overruled.**

When the evidence introduced by plaintiff in the trial court is sufficient to make out a prima facie case in favor of the plaintiff and against the defendant, it is not error for the trial court to overrule a demurrer to the evidence.

**3. Same—When Proper to Direct Verdict for Defendant.**

It is only when the evidence with all the inferences that the jury can reasonably draw therefrom, is insufficient to support a verdict, that the court is authorized to direct a verdict for the defendant.

**4. Appeal and Error—Necessity for Exceptions—Instruction.**

In order for a party to avail himself of an alleged error in an instruction given to the jury by the court, or the refusal to give a requested instruction, it must appear from the record that the instruction complained of, or the refusal to give the requested instruction, was duly excepted to at the time.

**5. Appeal and Error—Review—Questions of Fact—Conclusiveness of Verdict.**

In a law action, where issues of fact are submitted to the jury under proper instructions, and verdict returned a judgment based thereon will not be disturbed, where there is evidence in the record which reasonably tends to support the verdict of the jury.

Error from District Court, Carter County; W. F. Freeman, Judge.

- Action by J. L. Taylor, O. S. Sparks, and P. S. Taylor against J. R. Keaton. Judgment for plaintiffs, and defendant appeals. Affirmed.

Cruce & Potter, M. S. Singleton, and Keaton, Wells & Johnston, for plaintiff in error.

Ledbetter & Ledbetter, for defendants in error.

PHELPS, J. For convenience, the parties will be referred to as they appeared in the trial court.

On the 7th day of July, 1919, the plaintiffs entered into a contract with the defendant whereby the plaintiffs agreed to drill an oil or gas well for defendant on certain land in Carter county. The drilling machinery, boiler, engine, etc., was to be furnished by the plaintiffs; the defendant was to furnish the rig, casing, fuel, and water. The contract specified the cost per foot for drilling the well to be paid plaintiffs by defendant down to a depth of 2,500 feet, and after that, should the well be drilled deeper, defendant was to pay at the rate of $80 per 24 hour day. It was provided, among other things, that should the plaintiffs be delayed by reason of the failure of the defendant to furnish casing, through any fault of his, defendant should pay plaintiffs for such delay at the rate of $80 per day of 24 hours.

In their amended petition plaintiffs alleged that, in accordance with this contract, they had drilled to a depth of 2 240 feet, for which they had been paid, but that on November 15, 1919, they were forced to cease drilling and were delayed 99 days and 10 hours, because the defendant had failed to furnish them with the necessary casing, which he could have done by ordinary diligence, and that by reason thereof the defendant was indebted to them for that length of time at the rate of $80 per day, or a total sum of $7,953.33, and interest.

To this petition, defendant answered, denying generally, and alleged that he used due diligence to procure casing, and that he did tender to plaintiffs, shortly after November 15, 1919, the required amount of second-hand casing, in good condition, which plaintiffs refused to use, except at his risk.

Trial was had to a jury, which resulted in a verdict for the plaintiffs in the sum of $2,800, upon which judgment was rendered, from which this appeal is prosecuted.

Defendant first urges that the trial court erred in overruling his motion to quash the alias summons. The plaintiffs' petition was filed in the district court of Carter county, January 3, 1920. Summons was issued to the defendant in Oklahoma county, which summons was returned to the clerk's office, but the return was not filled out and it did not contain the words "not summoned." A motion to quash this summons was filed January 31, 1920, which was not passed on. On June 26, 1920, an alias summons was issued, and personal service was had on the defendant in Carter county. Defendant filed a motion to quash the service of this alias summons, which was overruled. Defendant's contention that this was erroneous is based on the theory that the alias summons could not have been legally issued by the clerk while the motion to quash the original summons was pending. We see no mer-

it in this contention. The original summons was not returned "not summoned" as provided in section 237, Comp. Stats. 1921. It was not filled out at all, and did not even purport to have been served on this defendant. Under such circumstances the original summons and any service thereof was a nullity in so far as service is concerned. This being the case, the clerk was authorized to issue the alias summons issued, and it was really the original summons in the case. The fact that there was a motion to quash pending against the original summons, a nullity, would not affect the validity of the personal service had by the alias summons. Southern Surety Co. v. Jones, 90 Okla. 285, 214 Pac. 727.

The defendant urges that the trial court erred in overruling his demurrer, made at the close of plaintiffs' evidence. The plaintiffs introduced evidence that, at the time the well was begun, sufficient casing, of the required size, could easily have been procured; that other drillers purchased casing of that size, at the time of the shut-down, from so-called "boot-leggers," sufficient for their needs. Several witnesses testified that they were drilling in that field, at the time, and procured the required amount of casing, of that size, for their needs, and that no wells were shut down in the field on account of a lack of casing. The evidence of the plaintiffs reasonably tended to support the allegations of their petition and made out a prima facie case against the defendant. Therefore the court did not err in overruling the demurrer to the evidence. Schaff v. Hudgins, 98 Okla. 219, 225 Pac. 913; New v. Stout, 98 Okla. 177, 224 Pac. 519.

Defendant also urges that the court erred in not sustaining his motion for a directed verdict. The evidence of defendant conflicted with that of the plaintiffs, but, as shown heretofore, the plaintiffs had made out a prima facie case against the defendant and there was sufficient evidence to support a verdict for the plaintiffs. The court is only authorized to direct a verdict for the defendant when the evidence, with all the inferences that the jury can reasonably draw therefrom, is insufficient to support a verdict for the plaintiff. Oklahoma Union Ry. Co. v. Hainey, 96 Okla. 217, 222 Pac. 243.

Defendant contends that the trial court erred in giving instruction No. 4, and in refusing to give defendant's requested instruction No. 5. The case was tried November 26th, and motion for new trial was passed on February 26th. No objections or exceptions to the giving of instruction No. 4 was

made at the time of trial, but at the time of the hearing on the motion for new trial counsel for defendant requested the court that he be allowed exceptions to the giving of this instruction, and to the court's refusal to give defendant's requested instruction No. 5, which was granted. This latter instruction, with others, was presented to the court before he had instructed the jury, but they were neither filed in the clerk's office, nor signed by the court, nor excepted to until the date of the overruling of the motion for new trial. In view of the above facts, the errors urged under this assignment are not reviewable, because of the failure of the defendant to make proper and timely exceptions. It has been repeatedly held by this court that in order for a party to avail himself of an alleged error in an instruction given to the jury by the court, or the refusal to give a requested instruction, it must appear from the record that the instruction complained of, or the refusal to give the requested instruction, was duly excepted to at the time. Security Ben. Ass'n v. Lloyd, 97 Okla. 39, 222 Pac. 544; Sand Springs R. Co. v. Westhafer, 92 Okla. 89, 218 Pac. 525; Wallace v. Merfeld, 95 Okla. 296, 219 Pac. 702; St. L. & S. F. Ry. Co. v. Fling, 36 Okla. 25, 127 Pac. 473. The reasons for this rule are obvious. Courts are human, and err, and they are entitled to the assistance of the respective attorneys, that the case may be properly presented to the jury, and their attention directed to probable errors, for correction, before they are made.

The defendant contends that the verdict and judgment rendered thereon are contrary to and unsupported by the evidence. The provision in the contract that defendant was to pay $80 per day, or 24 hours, for delays occasioned by failure of the defendant, through any fault of his, to furnish casing, was clearly a provision for liquidated damages, since, under the facts of the case, it would have been extremely difficult to have fixed the actual damage to the plaintiffs. McAlester v. Williams, 77 Okla. 65, 186 Pac. 461; Garr v. Minnick, 100 Okla. 109, 228 Pac. 481. Considering the amount of tools and machinery of the plaintiffs that would have stood idle in a busy oil field, we cannot say that the amount provided in the contract, as shown by the evidence, is unreasonable. The court instructed the jury, according to the terms of the contract, that for delays occasioned through the fault of the defendant the plaintiffs would be entitled to recover at the rate of $80 per day. The jury returned a verdict for $2,800, a finding, in effect, of a delay of 35 days, at the liquidated

amount of $80 damage for each day. There was competent evidence supporting this verdict, and it will not be disturbed on appeal. Lorillard Co. v. Stevens, 106 Okla. 35, 233 Pac. 188.

The judgment of the trial court is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, LESTER, HUNT, CLARK, and RILEY JJ., concur.