**PERRY et al. v. MYERS.**

No. 17530. Opinion Filed Sept. 20, 1927.

(Syllabus.)

1. **Husband and Wife—Liability of Husband for Value of Necessaries Furnished Wife and Children.**

If a husband or parent neglects to make adequate provision for the support of his wife or children, who are in his charge, according to his circumstances, a third person may, in good faith, supply such necessaries and recover reasonable value thereof from such husband or parent.

2. **Same—Neglect of Husband to Supply Necessaries as Foundation for Liability.**

In order to recover the value of certain merchandise furnished the wife as necessaries, in the absence of a promise on the

husband's part to pay therefor, it is necessary to allege and show that the husband had neglected to supply her with the articles necessary for her support.

**3. |Same—Ample Support by Husband and Notice to Tradesmen not·to Sell to Wife cn His Account.**

If a husband performs his duty to his family in the matter of providing for their support and maintenance, and gives notice to tradesmen not to sell to his wife on his account, he is not liable for goods which they sell her.

**4. Appeal and Error—Error in Instructions—Necessity for Exceptions—Record·.·**

In order for a party to avail himself of an alleged error in an instruction given to the jury by the court, or the refusal to give a requested instruction, it must appear from the record that the instruction complained of, or the refusal to give the requested instruction, was duly excepted to at the time.

**5. Same—Statutory Requisites.**

An instruction is not reviewable on appeal unless the action of the court in giving or refusing same and the exception thereto and the signature of the judge are noted thereon, as provided by statute.

**6. Appeal and Error—Unauthorized Methods of Impeaching or Changing Case-Made.**

The case-made cannot be impeached, changed, altered, or varied on appeal by an ex parte and unauthorized certificate of the trial judge or of the clerk, nor by affidavits or other evidence of matters dehors the record.

**7. Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

In a law action, where issues of fact are submitted to the jury under proper instructions and verdict returned, a judgment based thereon will not be disturbed, where there is evidence in the record which reasonably tends to support the verdict of the jury.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by M. W. Perry and W. L. Perry against George Myers to recover on an account. Judgment for defendant, and plaintiffs appeal. Affirmed.

Bowling & Farmer, for plaintiffs in error.

Blanton, Osborn & Curtis, for defendant in error.

MASON, V. C. J. The plaintiffs in error, M. W. Perry and M. L. Perry, commenced this action against the defendant in error, George Myers, on the 11th day of May, 1921, to recover the sum of $1,465.69, with inter-

est. for which amount it was alleged the defendant was indebted to the plaintiffs for goods. wares. and merchandise which they sold and delivered to said defendant between December 6, 1918, and April 21, 1921. An itemized account of the same was attached to the petition.

The defendant answered by verified general denial, and specially denied that said merchandise was sold by the plaintiffs to the defendant at his instance and request, or at the instance or request of any person authorized to contract for him as his agent.

On September 11, 1922, trial was had on the issues thus formed and the jury returned a verdict in favor of the defendant, but the court sustained a motion for new trial. Thereafter, on the 11th day of January, 1924, the cause was again tried to a jury, which resulted in a judgment for the plaintiffs for $900, and the trial court sustained a motion for new trial. Again on October 13, 1925, the cause was tried before a jury and a verdict rendered in favor of the defendant. Motion of plaintiffs for judgment non obstante veredicto and motion for new trial were denied, and the plaintiffs appeal.

For reversal, counsel urge that the trial court erred in not rendering judgment non obstante veredicto and erred in giving certain instructions and refusing to give other instructions requested by the plaintiffs.

The evidence discloses that the plaintiffs are merchants at Lindsay, Garvin county, and the defendant is a farmer and stockman, residing·with his wife and four children on a farm near Lindsay; that during the year 1918, and prior to the date of the first item sued on herein, the defendant found that his wife and family were getting very extravagant; that the plaintiffs herein asked him to pay certain indebtedness which his wife had incurred in the amount of $228; that the defendant was not aware of said indebtedness and became very angry, but finally paid the account. The defendant testified that at that time he informed the plaintiffs not to permit his wife or family to buy further on his account. The plaintiffs denied any recollection of such instructions. Thereafter, the defendant continually traded with the plaintiffs and paid cash for all he purchased, and his evidence is that he furnished his wife with large sums of money and checks for the purpose of supplying their household needs, and that during the three years while this account was accruing he expended for such purposes more than $12,000, besides giving his wife from $4,000 to $5,000; that defendant had no

knowledge that this account was accruing and that the plaintiffs never called his attention to it or requested him to pay the same until about two weeks before this action was brought; that Mrs. Myers, during the time this account was accruing, paid between $800 and $1,000 thereon from her own funds and one of the plaintiffs explained their failure to demand payment of the defendant by the fact that they hoped she would pay it. The evidence is sufficient to show that the wife and children of the defendant purchased the merchandise sued for herein and that it was purchased subsequent to the date of the alleged notice from the defendant to the plaintiffs.

If a husband or parent neglects to make adequate provision for the support of his wife or children, who are in his charge, according to his circumstances, a third person may, in good faith, supply such necessaries and recover the reasonable value thereof from such husband or parent. Sections 6614 and 8034, C. O. S. 1921.

The pleadings, however, disclose that this is not an action against the husband for necessaries furnished the wife and children, but an action on an open account for merchandise purchased by an implied or authorized agent of the defendant. It is not alleged that the defendant failed and refused to furnish his family with the necessaries of life and that the plaintiffs furnished the same under such conditions.

In Sodowsky v. Sodowsky, 51 Okla. 689, 152 Pac. 390, this court held that in order to recover the value of certain merchandise furnished the wife as necessaries, in the absence of a promise on the husband's part to pay therefor, it was necessary to allege and show that the husband had neglected to supply her with the articles necessary for her support. In the absence of allegations and proof sufficient to bring this case within the rule just announced, notice given by the defendant to the plaintiffs not to extend further credit to his wife would be sufficient to bar a recovery by the plaintiffs.

The rule is stated in 13 R. C. L. p. 1181, sec. 210, as follows:

"If a husband performs his duty to his family in the matter of providing for their support and maintenance, and gives notice to tradesmen not to sell to his wife on his account, they cannot hold him responsible for goods which they sell her. The sale of goods to her under such circumstances imposes no duty on the husband to return them or abstain from their use at the peril of becoming liable for their value."

The evidence was conflicting as to whether the defendant gave the plaintiffs such notice, and the finding of the jury in favor of the defendant, therefore, will not be disturbed.

We have examined the instructions given to the jury by the trial court, and find that they are based upon the issues in the case and are proper. The trial court refused to give certain instructions requested by the plaintiffs which would have submitted to the jury the question as to whether the goods and merchandise sued for were necessaries. In this, the trial court did not err. We have examined the instructions given and those refused by the trial court, although we were not required so to do, inasmuch as the record fails to disclose that the plaintiffs made proper and timely exceptions to the action of the trial court. It has been repeatedly held by this court that in order for a party to avail himself of an alleged error in an instruction given to the jury by the court, or the refusal to give a requested instruction, it must appear from the record that the instructions complained of, or the refusal to give the requested instruction was duly excepted to at the time. Security Beneficial Association v. Lloyd, 97 Okla. 39, 222 Pac. 544; Sand Springs Ry. Co. v. Westhafer, 92 Okla. 89, 218 Pac. 525; Wallace v. Merfelt, 95 Okla. 296, 219 Pac. 702; St. L. & S. F. R. Co. v. Fling, 36 Okla. 25, 127 Pac. 473.

In Wayne Tank & Pump Company v. Harper, 118 Okla. 274, 247 Pac. 985, this court held:

"An instruction is not reviewable on appeal unless the action of the court in giving or refusing same and the exception thereto and the signature of the judge are noted thereon, as provided by statute."

An affidavit of one of the counsel for plaintiffs in error is attached to the case-made wherein he states that counsel for plaintiffs made proper exceptions to certain instructions given by the court and to the action of the court in refusing to give other instructions requested by the plaintiffs, but that the judge overlooked such exceptions and failed to sign them, as required by the statutes. The trial judge also attached his certificate to the case-made in which he states that he has no independent recollection of the matter.

The contention of counsel may, in fact, be true, but the record filed for the purpose of appeal imports absolute verity. It is the sole, conclusive, and unimpeachable evidence of the proceedings in the lower court.

If incomplete or incorrect, amendment or correction must be sought by proper proceedings. In case of an omission or error in the record, the power exists in the court below to amend such record, so that it may conform to the actual facts and truth in the case. Oklahoma Fire Insurance Co. v. Kimpel, 39 Okla. 399, 135 Pac. 6. The case-made cannot be impeached, changed, altered, or varied on appeal by an ex parte and unauthorized certificate of the trial judge or of the clerk, nor by affidavits or other evidence or matters dehors the record. 4 C. J. 512; Thompson v. Cade, 14 Okla. 337, 79 Pac. 96; Mason v. Harlow (Kan.) 142 Pac. 243; General Electric Co. v. Sapulpa & I. Ry. Co., 49 Okla. 376, 153 Pac. 189.

We must conclude that no reversible error is properly presented herein, and the judgment of the trial court is, therefore, affirmed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 30 C. J. p. 589, §124; 29 Cyc. p. 1608; 47 L. R. A. (N. S.) 279; 13 R. C. L. 1198. (2) 30 C. J. p. 1007, §757; p. 1021, §781: 13 R. C. L. 1199. (3) 30 C. J. p. 599; §139; L. R. A. 1917A, 968; 13 R. C. L. 1199. (4, 5) 4 C. J. p. pp. 88, 89, §1683. (6) 4 C. J. p. 514, §2287; p. 516, §2290. (7) 4 C. J. p. 853 §2834; 2 R. C. L. 193.