## FIRST NAT. BANK OF OKMULGEE et al.
## v. GUM et al.

No. 19505.  Opinion Filed Sept. 9, 1930.

Rehearing Denied Nov. 18, 1930.

Geo. C. Beidleman, for plaintiff in error First National Bank.

A. L. Emery, for plaintiff in error C. T. Smith, as trustee.

H. C. Thurman and Byrne A. Bowman, for defendants in error.

EAGLETON, C.  Lester B. Gum and James H. Topp filed suit against the First National Bank of Okmulgee and C. T. Smith, trustee, alleging that the plaintiffs had entered into a contract with C. T. Smith, as trustee, for the purchase of a producing oil and gas lease; that under the terms of this agreement they deposited $5,000 with the First National Bank; that Smith, trustee, had in the written contract misrepresented certain facts with reference to the production of the lease which entitled them to the refund of the money; that demand had been made on the bank and on Smith for the money.  They alleged that the money had not been paid them; that Smith, as trustee, was claiming some interest in and to it.  They prayed for judgment adjudging them to be entitled to the money and for judgment against the bank for the $5,000, with interest.

The bank, by answer, admitted holding the money under the agreement, disclaimed any interest in it, and asked that, on final determination as to who was entitled to the money, they be instructed to pay the $5,000, and that sum only, to the rightful owner, and that it might go hence with its costs.

C. T. Smith, trustee, answered, asserting that he had fully complied with all the terms of the contract; that he was entitled to the money under the terms thereof; denied generally the allegations in the petition, and denied that any demand had been made that the money be released to the plaintiffs.

James H. Topp prior to the second trial assigned all his interest in and to this claim to Lester B. Gum.  They will be referred to herein as if Topp were yet interested in the judgment.

After the evidence was in, the plaintiff asked and was allowed permission to amend his petition to ask for judgment for interest on said $5,000 against C. T. Smith, trustee.

Verdict was returned and judgment entered for the plaintiff.  The defendants and each of them appeal.

We will consider the appeal of C. T. Smith, trustee, first.  This case was in this court on a previous appeal.  Judgment on

the first trial was entered against Topp and Gum, they appealed, and the cause was reversed. This court held that the trial court had misinterpreted the contract, had improperly excluded competent evidence offered by the plaintiffs, and admitted incompetent evidence offered by the defendants. Under the interpretation given to the contract in that opinion, which is binding on this court in this second appeal, the representations made by Smith in the contract as to the production of the individual wells were held to be material, and left for new trial the question of whether or not there were any material misrepresentations made therein. Gum v. First National Bank, 116 Okla. 263, 244 Pac. 187; Bell v. Tackett, 134 Okla. 164, 272 Pac. 461.

Plaintiff in error Smith alleges that the interpretation given to the contract in the first appeal is grossly incorrect, and that the court should on this appeal reinterpret this contract and relieve him from the interpretation so given. An examination of the opinion and the contract clearly discloses that the interpretation there given to the contract is correct, and we adhere thereto. Powell v. United Mining & Milling Co., 107 Okla. 170, 231 Pac. 307; Wade v. Hope, 89 Okla. 64, 213 Pac. 549.

Smith next contends that the court erred in admitting evidence tending to prove that Graham was the agent of Smith in this transaction, for there was no allegation in the petition that Graham was his agent and there was no allegation or proof that Graham had misrepresented anything to Gum and Topp. He also complains that no instruction was given covering the proof of agency, though in his requested instruction No. 3 he tendered such an instruction. We think these contentions are not well founded, for the apparent purpose of establishing the agency of Graham was to show that Gum and Topp had made known to Smith through his agent, Graham, and had so brought to the knowledge of Smith, the misrepresentations in his listed productions of the wells, and that they were demanding the return of the $5-000. Smith, by answer, denied he received notice of this complaint, but on the witness stand admitted that this information had been brought to his knowledge, so all the proof with reference to Graham became immaterial, and there remained no issue thereon which would justify the court in instructing the jury with reference to the agency of Graham.

Smith contends that his demurrer to plaintiff's evidence should have been sustained.

With this we cannot agree, for there was substantial evidence tending to prove that the production of the wells complained of was not substantially the production which Smith, in the contract, represented that they had. Smith in his original brief in this cause stated his contention as to the crux of this lawsuit in the following language:

"Were the misrepresentations, if any, in the exhibit regarding the daily production of the individual wells **material** under the terms and provisions of the contract?"

The first appeal determined that under the contract a material misrepresentation of the individual well productions would be material. Substantial evidence was introduced that the production of certain of the wells was materially different from the production listed for them in the contract. The demurrer to plaintiffs' evidence was properly overruled. The court did not commit error in submitting the case to the jury.

It is next contended that the court improperly excluded competent evidence. Smith offered evidence to show custom and usage with reference to the sale of production, which tender was by the court refused. The exclusion of this evidence was proper, for the contract itself set forth clearly the agreement of the parties, and proof of custom and usage is incompetent to change the terms of a written agreement. 17 C. J. 492; 17 C. J. 508; Cherokee Grain Co. v. Elk City Flour Mills Co., 78 Okla. 120, 188 Pac. 1067; Red Bank Oil Co. v. Cook, 115 Okla. 163, 242 Pac. 198; Bale v. Wright, 120 Okla. 174, 252 Pac. 56; Jones & Co. v. Cochran, 33 Okla. 431, 126 Pac. 716. Smith offered to prove facts with reference to the preliminary negotiations of the parties. This the court would not permit him to do, and properly so, for all the negotiations were absorbed and merged into the definite written agreement of the parties. C. O. S. 1921, sec. 5035. He next complains that he was not permitted to testify as to the production of the wells involved in this controversy. He had testified he did not know their production and had never gauged them. It was not error to deny him the right to thus impeach his own testimony and make a pure guess as to this production.

He also contends that the court committed error in refusing to permit the reading, to the jury, of the testimony which he gave at the previous trial. He was on the witness stand in the second trial and could have testified to all the facts within his knowledge. We know of no rule of evidence, and none has been suggested, which would per-

mit this form of proof under the circumstances obtaining. It was not error to refuse this offer.

Again he contends that the court committed error in refusing to permit witness Jones to give his opinion as to whether Rose, with his brief examination and observation of the lease, could have as valuable opinion as to the individual well productions as Smith, who had operated the lease for a period of years, would have. It was not error to refuse to permit opinion evidence on the weight of the evidence introduced.

Smith contends that it was error for the court to permit the plaintiffs to make further amendment to their amended petition after the evidence was in and ask damages from Smith for the withholding of this $5,-000. This question is not before this court for determination, for no exception was preserved to the order permitting the amendment. General Explosives Co. v. Wilcox, 131 Okla. 190, 268 Pac. 266. However, if it were before us, we think there was no error in permitting this amendment to conform to the proof. It did not make a variance from the petition. Smith had asked for interest from the plaintiffs for damages in keeping the $5,000 from him. The court properly permitted the amendment to the petition to conform to the proof that the plaintiffs, if successful, might recover interest on the $5,000 deposit as damages from Smith who, by his adverse contentions, had made it impossible for the plaintiffs to possess themselves of their $5,000 for an extended period of time. No abuse of discretion is shown in the allowance of this amendment. Fulsom-Morris Coal & Mining Co. v. Mitchell, 37 Oka. 575, 132 Pac. 1103.

Smith contends that instruction No. 2, given by the court, was error. This instruction is in substantial conformity with the holding of this court on the first appeal, and was properly given.

He also objects and endeavors to predicate error on the giving of instruction No. 4, which is but the stock instruction requiring the plaintiffs to sustain their contentions by a preponderance of the evidence. There was no error in giving this instruction.

He next complains that his requested instructions Nos. 2 and 4 were refused. Both of these instructions pronounce law contrary to the opinion of this court in the first appeal, and were properly refused.

As to the appeal of the First National Bank, there is no showing in the record that any exception was preserved during the trial. The journal entry of judgment recites a general exception, but to what does not appear from the record. No exception was saved to the instruction allowing interest against it, so it has nothing here for us to review. St. Louis & S. F. R. Co. v. Fling, 36 Okla. 25, 127 Pac. 473; Perry v. Myers, 127 Okla. 27, 259 Pac. 556; Elsea Bros. v. Killian, 38 Okla. 174, 132 Pac. 686; Ford v. Perry, 66 Okla. 150, 168 Pac. 221; Van Noy v. Schnoor, 114 Okla. 46, 243 Pac. 134; Merchants Transfer & Storage Co. v. Ft. Smith Couch & Bedding Co., 105 Okla. 195, 232 Pac. 79.

The verdict and judgment are well sustained by the evidence. The cause is affirmed.

HERR, DIFFENDAFFER, REID, and LEACH, Commissioners, concur.

By the Court: It is so ordered.